## W. T. RAWLEIGH CO. v. MILLS et al.

No. 16594—Opinion Filed May 11, 1926.

### 1. Appeal and Error—Expiration of Time for Case-Made—Effect.

Where the time fixed for making and serving a case-made is allowed to lapse, the trial court thus loses jurisdiction of the cause, and an order subsequently made by the trial court. extending the time for making and serving a case-made, is a nullity; and a case made and served by virtue of such order of extension is a nullity, and confers no jurisdiction upon the Supreme Court. In re Isparhecher Sarwarhie, 85 Okla. 186, 205 Pac. 133.

### 2. Same.

A case made and served within the time fixed by a void order extending the time for making and serving the case-made cannot be considered by the Supreme Court. Lawson v. Zeigler, 33 Okla. 368, 125 Pac. 724.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McCurtain County; Geo. C. Arnett, Judge.

Action by the W. T. Rawleigh Company, against J. W. Mills, as principal, and Bode Mills and E. A. Felker, as guarantors. Judgment against J. W. Mills by default. Judgment for Bode Mills and E. A. Felker on their demurrer to plaintiff's evidence and plaintiff appeals. Appeal dismissed.

O. A. Brewer, for plaintiff in error.

G. H. Montgomery and John C. Hoad for defendants in error.

Opinion by RUTH, C. The W. T. Rawleigh Company brought its action against J. W. Mills, Bode Mills, and E. A. Felker, alleging J. W. Mills had purchased certain goods from plaintiff upon which a balance was due, and 'against Bode Mills and E. A. Felker, who, it was alleged. had, in writing, guaranteed the account. No answer was filed by J. W. Mills, and judgment was rendered against him, and no appeal is lodged for J. W. Mills.

The other defendants answered, and at the conclusion of the evidence, and after the plaintiff had rested, defendants interposed their demurrer to plaintiff's evidence, which was by the court sustained. Motion for a new trial was filed and overruled on January 16, 1925.

Plaintiff gave notice of its intention to appeal, and the court granted an extension of 90 days in which to prepare and serve a case-made. The extension so granted expired April 16, 1925. On April 11, 1925, the court granted 30 days' additional time after April 16, 1925, making the expiration date May 16, 1925. On May 15, 1925, the court made an order extending the time to make and serve a case-made "of 30 days from said 16th day of May, 1925." This caused the time for making and serving the case-made to expire on June 15, 1925. On June 16, 1925, the plaintiff filed its motion for a further extension of 10 days within which to make and serve a case-made, and an extension of 10 days was on the 16th day of June granted the plaintiff, and the case-made was served within the 10 days so attempted to be granted. The time for making and serving a case-made having expired on June 15, 1925, and this date not falling on a Sunday or legal holiday, the court was without jurisdiction to make any order on the 16th of June, 1925, and its act in so attempting to do was a nullity and confers no jurisdiction on the Supreme Court to hear and determine this appeal.

"Where the time fixed for making and serving a case-made is allowed to lapse, the trial court thus loses jurisdiction of the cause, and an order subsequently made by the trial court, extending the time for making and serving a case-made, is a nullity; and a case-made, made and served by virtue of such order of extension, is a nullity, and confers no jurisdiction upon the Supreme Court." In re Isparhecher Sarwarhie, 85 Okla. 186, 205 Pac. 133; Hoggard v. Conservative Loan Co., 101 Okla. 14, 222 Pac. 674; Berry v. Penter, 98 Okla. 56, 223 Pac. 617.

"A case made and served within the time fixed by a void order extending the time for making and serving the case-made is a nullity, and cannot be considered by the Supreme Court as a case-made." Lawson v. Zeigler, 33 Okla. 368, 125 Pac. 724.

For the reasons herein stated, the appeal is dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 350 § 1991; 2 R. C. L. p. 159. (2) 4 C. J. p. 353 § 1997.