CITY OF PRYOR v. CHAMBERS et al.

No. 18965.   Opinion Filed Sept. 17, 1929.

N. E. Nicklin, City Attorney of Pryor, Hall & Thompson, and J. Howard Langley, for petitioner.

Jones & Randolph, Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

HEFNER, J. Tom Chambers, the claimant, brought this action before the Industrial Commission for an alleged injury to his right eye, received while working on a construction project in the city of Pryor, known as the "White Way," and involving the erection of a number of iron posts on the main street of the town, with the necessary wiring for the electrical lighting of the same. At the time of the injury the claimant was engaged in chiseling a channel in the edge of a concrete sidewalk, in which the electric wires were to be placed. The injury was caused by a piece of steel lodging in the right eye of claimant.

The Industrial Commission, after an examination of the testimony taken at the hearing, entered its order, a portion of which is as follows:

"That on and prior to August 17, 1926, the respondent, city of Pryor, was engaged in conducting a hazardous business or occupation, within the meaning of the Workman's Compensation Law and had in its employment claimant herein, Tom Chambers.

"That in the course of and arising out of his employment claimant on August 17, 1926, sustained an accidental personal injury which resulted in the permanent loss of 75 per cent. of the vision of claimant's right eye.

"That claimant did not notify the respondent of the injury within 30 days from the date of said injury.

"That the average wage of claimant at time of said injury was $8 per day.

"The Commission further finds: That the claimant did not ask for nor receive medical attention and treatment by or from respondent, city of Pryor.

"The Commission is of the opinion: By reason of the foregoing facts that claimant is entitled under the law to compensation at the rate of $18 per week for a period of 75 weeks for the permanent loss of 75 per cent. of the vision of claimant's right eye.

"The Commission is further of the opinion: That claimant should be excused for failure to notify respondent of the accident and injury within 30 days from the date thereof for the reason that respondent has not been prejudiced by reason of claimant's failure to do so; and

"The Commission is further of the opinion: That respondent herein, city of Pryor, is not liable for medical expenses incurred by claimant for the accident and injury sustained.

"It is further ordered: That claimant be excused for failure to notify respondent of his accident and injury within 30 days thereafter, the rights of respondent, city of Pryor, not being prejudiced thereby, and that respondent, city of Pryor, within ten days from this date pay to claimant the sum of $866, same being compensation for a period of 48 weeks at the rate of $18 per week, and continue the payment of compensation at the rate of $18 per week until 75 weeks compensation shall have been paid.

"It is further ordered: That respondent be and they are hereby relieved of any liability for medical expense incurred by claimant as a result of said accidental injury sustained on August 17, 1926.

"It is further ordered: That respondent herein within 30 days from this date shall file with the commission proper receipt or other report evidencing their compliance with the terms of this order."

The city has brought the case here for review, and contends that the Industrial Commission had no jurisdiction in the case because there were not two or more persons working on the project at the time of the injury, that the claimant was in no sense an employee of the city at the time of the injury, and that there was no contractual relation between him and the city.

It is further contended that the construction work was done by C. E. Rounderbush, who was employed by certain civic clubs of the city of Pryor and was never in the employ of the city, and that he was an independent contractor.

The Industrial Commission found, as a matter of fact, that the city of Pryor was engaged in conducting a hazardous business, within the meaning of the Workmen's Compensation Law, and that it had in its employment the claimant herein, Tom Chambers; that he sustained an accidental per-

sonal injury which resulted in the permanent loss of 75 per cent. of the vision of his right eye; that he did not notify the city of the injury within 30 days from the date of the injury, and that respondent was not prejudiced by failure to receive the statutory notice. These are all questions of fact. If there is any competent evidence in support of these facts, it is the duty of this court to affirm the judgment of the Commission.

We have read the record and the briefs of both parties, and while we think the evidence in support of the judgment of the Commission is very unsatisfactory, we cannot say there is no evidence to support its findings.

This court has uniformly held that section 7294, C. O. S. 1921, makes the decision of the Commission final as to all questions of fact, where there is any competent evidence tending to support the same. Hunt v. Magnolia Petroleum Co., 99 Okla. 264, 226 Pac. 1052; Uhrina v. Rock Island Mining Co., 100 Okla. 130, 227 Pac. 841; Sun Coal Co. v. State Ind. Com., 84 Okla. 164, 203 Pac. 1042; McAlester Colliery Co. v. State Ind. Com., 85 Okla. 66, 204 Pac. 630; Whitehead Coal Mining Co. v. State Ind Com., 86 Okla. 149, 207 Pac. 305; Ohio Drilling Co. v. State Ind. Com., 86 Okla. 139, 207 Pac. 314; Graver Corporation v. State Ind. Com., 114 Okla. 140, 244 Pac. 438; Smith v. Parkersburg Rig & Reel Co., 117 Okla. 283, 246 Pac. 432.

As to the contention of the city that the statutory notice was not served upon it, it may be said that the statute authorizes the Commission to excuse the claimant from giving this notice under certain conditions. The Commission made its finding and entered its order, wherein the claimant was excused for failure to notify respondent of the injury within 30 days from the date thereof, because the respondent was not prejudiced by reason of the claimant's failure to do so. The statute gives the Commission authority to make an order of this character, under the facts presented here.

The order of the Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur. HUNT, J., dissents. ANDREWS, J., absent.