## SOUTHWESTERN FORESTRY CO. et al. v. PETTUS et al.

No. 22878.   Opinion Filed Jan. 19, 1932.

James C. Cheek, for petitioners.

C. L. Andrews, for respondents.

KORNEGAY, J. This is a proceeding to review the action of the State Industrial Commission. The claimant in this case was hired by a corporation, called the Southwestern Forestry Company, as a workman. There were about ten workmen. The chief business was to trim trees for the purpose of clearing the lines of the Oklahoma Gas & Electric Company, who maintained an electric line along the street, in the parkway of which the tree was located, from which the claimant fell, while engaged in trimming the tree in order to give a clear space of three feet surrounding the lines of the company. The Commission awarded him compensation, and there is no contention in this case as to the injury, and there is no contention in the case as to the amount of compensation, if the case comes within the Industrial Law.

The main work of the Southwestern Forestry Company was to keep the lines of the Oklahoma Gas & Electric Company clear from obstruction. Incidentally, at times, the same force that was used by the Forestry Company for this purpose would trim trees

for the benefit of the owners. However, the work then being done was for the Oklahoma Gas & Electric Company.

A great many cases are cited to show that the work in this case would not come within the Workmen's Compensation Law, and various deductions are made. However, as applied to the facts in this case, there would scarcely be any dispute as to a laborer, hired directly by the electric company, to improve the lines in this manner, being entitled to compensation.

The Industrial Law (Comp. Stat. 1921, sec. 7282 et seq.) as amended by the Act of 1923, seems to completely cover a case of this kind. The law can be found in the Session Law of 1923, page 118, ch. 1, and by section 1 (amending sec. 7283) electric light or power plants or lines are made subject to the law. By section 2 (amending sec. 7284) "hazardous employment" is defined as "manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in section 7283." Sudb. 1. By subdivision 14 of sec. 2, "construction work" or "engineering work," defined in the act, means "improvement or alteration or repair" among other things of electric lines or power lines. There are various provisions about contractors and subcontractors.

In this case we do not think it is material whether the power company employed the laborers directly or trusted a corporation so to do. The work engaged in at the time was for the betterment of electric lines, and we do not think it makes much difference who owned them, so far as the Workman's Compensation is concerned. The work was hazardous in the extreme, both by reason of its intrinsic nature and by reason of exposure to danger by the lines themselves.

The presumption is, as made by the statute, that the work in this case comes within the provisions of the law. However, we do not think that it is necessary to indulge in presumption, as it appears that the express provisions of the statute embrace the work that was being done by the claimant, and he is entitled to his pay. The Industrial Commission so held, and we see no reason for reversing it, and the award is therefore affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., absent. ANDREWS, J., not participating.