CITY OF TULSA et al. v. STATE INDUSTRIAL COMMISSION.

No. 29154.    May 27, 1941.

*113 P. 2d 987.*

74

Harold C. Stuart and E. J. Doerner, both of Tulsa, for petitioners.

Mac Q. Williamson, Atty. Gen., for respondent Industrial Commission.

B. A. Hamilton and S. J. Clendinning, both of Tulsa, for respondent Tom Hughes.

OSBORN, J. This is an original proceeding in this court brought by the city of Tulsa, hereinafter referred to as petitioner, and its insurance carrier to obtain a review of an award based upon a finding of change in condition and which was made by the State Industrial Commission in favor of Tom Hughes, hereinafter referred to as respondent. The respondent, by cross-petition, seeks an increase in the amount of the award.

The record shows that on January 22, 1932, the respondent, while in the employ of the petitioner as a laborer in its park department, sprained his back while loading concrete in a truck; that respondent was furnished medical attention and paid compensation for resulting temporary total disability from February 1 to October 24, 1932; that both parties filed reports of the accident with the State Industrial Commission, but never called upon the commission to determine either the liability of the petitioner or the extent of the disability of the respondent, but that, on November 4, 1932, they filed with the commission a form 14 stipulation and agreement wherein it was recited:

"Respondent contends occupation not compensable but agreed to pay $1,000 in addition to sums heretofore paid in settlement of said controversy for any disability now existing and for any compensation that may be hereafter due on account of loss of wages."

The stipulation and agreement was approved by the State Industrial Commission on November 9, 1932, by order entered on that date. Thereafter, on February 18, 1938, the respondent filed a motion wherein he sought to have the cause reopened, alleging a change in his condition and seeking an additional award. He averred that his disability was the result of injury sustained in a hazardous employment. The petitioner challenged the jurisdiction of the commission to entertain the motion and to make any further award in the premises for the reason that the record showed that respondent was engaged in a non-compensable occupation when injured. The State Industrial Commission overruled the objections so interposed, conducted further hearings in which no evidence was offered relative to the na-

ture of the employment, and at the conclusion thereof entered its findings of fact to the effect that the respondent had sustained a change in condition for the worse and is now totally and permanently disabled from the performance of ordinary manual labor. Pursuant to its findings, the commission awarded claimant additional compensation at the rate of $13.85 per week for the further period of 162 weeks.

The fact that a municipality while acting in its corporate capacity, and not in the exercise of its governmental functions, and when it is engaged in any of the occupations enumerated and specifically declared to be hazardous by the statutes, is subject to the Workmen's Compensation Law of the state, was settled in the case of Board of County Com'rs of Tulsa County v. Bilby, 174 Okla. 199, 50 P. 2d 398.

It is well settled that when the State Industrial Commission is without jurisdiction to enter an original award, it is likewise without jurisdiction to reopen a cause and to grant an additional award. City of Duncan v. Ray, 164 Okla. 205, 23 P. 2d 694; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. 2d 141; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. 2d 1049; Hardy Sanitarium v. De Hart, 164 Okla. 29, 22 P. 2d 379. Where jurisdiction does not exist, it cannot be conferred by agreement, waiver, or conduct. Hardy Sanitarium v. De Hart, supra.

In the case of Klein v. State Industrial Commission, 181 Okla. 395, 74 P. 2d 386, it was held:

" 'In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment,' as defined in section 13350, O. S. 1931. City of Duncan v. Ray, 164 Okla. 205, 23 P. 2d 694, Enid Cemetery Ass'n v. Grace, 177 Okla. 320, 59 P. 2d 284.

"The presumptions arising by virtue of section 13361, O. S. 1931, have no application when testimony of claimant before the State Industrial Commission discloses that his employment was not in any of the businesses, trades, or occupations included in and covered by the Workmen's Compensation Act. Enid Cemetery Ass'n v. Grace, 177 Okla. 320, 59 P. 2d 284."

It is observed that the operation of a public park is not named by section 13349, supra (85 Okla. St. Ann. § 2) as a hazardous employment, and in order to invest the Industrial Commission with jurisdiction it is required that the facts must bring the employment of respondent within the definition of "hazardous employment" as the same is defined in section 13350, supra (85 Okla. St. Ann. § 3).

In the employee's first notice of the injury he gave the name of his employer as City of Tulsa Park Department, and the cause of the accident as "loading concrete on a truck." In the employer's first notice of injury, the nature of the work done is described as "maintenance —upkeep of parks." In describing the manner in which the accident occurred it is stated: "Mr. Hughes was loading concrete in truck and sprained his back muscles." Respondent argues that, since the notice discloses that respondent was injured while loading concrete into a truck, we would be justified in presuming that he was engaged in "construction work" or "engineering work," which is defined as "improvement or alteration or repair of buildings, structures, streets, highways, sewers," etc. Sections 13349 and 13350, supra. Such a presumption would not be justified as a matter of fact and is prohibited as a matter of law. Klein v. State Industrial Commission, supra.

In the absence of proof of facts essential to establish jurisdiction in the Industrial Commission, the award cannot stand.

Accordingly, the award is vacated and the cause remanded to the Industrial Commission for further proceedings in conformity with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.