McCARTHY v. FORBES PAINTING & DECORATING CO. et al.

No. 33929. Oct. 10, 1950.

*223 P. 2d 366.*

464

Paul Pugh, of Oklahoma City, for petitioner.

Cheek, Cheek & Cheek and Ray Teague, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, J. In this case petitioner, J. Van McCarthy, seeks to vacate an order made by the State Industrial Commission denying his claim for compensation on a claim made against Forbes Painting & Decorating Company and its insurance carrier. Special Indemnity Fund is made a party to the proceeding. This is the second appeal. On the prior hearing the trial commissioner, to whom the case was assigned for trial, awarded compensation against respondent, its insurance carrier and Special Indemnity Fund. The order was vacated on appeal to the commission en banc and an order was entered denying compensation.

This order was afterwards reversed by this court on appeal because of the indefiniteness of the findings of the commission. McCarthy v. Forbes Painting & Decorating Co. et al., 200 Okla. 555, 198 P. 2d 212.

Upon receipt of the mandate from this court the commission vacated and set aside its former order.

The case was then presented for decision by agreement to the commission sitting as a whole on the evidence taken on the former hearing before the trial commissioner and on the appeal taken by petitioner from that order.

The commission, after hearing arguments of counsel and after considering the evidence offered at the former hearing, in substance, found: that under the evidence in this case the claimant sustained an injury on July 9, 1946, in an altercation between claimant and R. T. Forbes, foreman for respondent; and further found that at the time the claimant sustained his injury he was not and never had been an employee of respondent and said injury was not compensable under the Workmen's Compensation Law of the State of Oklahoma, and upon this finding denied compensation.

Petitioner by this proceeding seeks to vacate this order on the ground that the finding of the commission and order made thereon is contrary to the weight of the evidence.

Petitioner at the former hearing, in substance, testified that on the 9th day of July, 1946, while in the employ of respondent he received an injury to his right arm consisting of a broken arm; that he was employed by respondent at Norman, Oklahoma, on July 9, 1946, as a spray painter; that he started to work early that morning and after working a short time, R. T. Forbes, foreman of respondent, assaulted him with a paint paddle. The assault occurred in the following manner: While he was engaged in work Mr. Forbes passed him. He then inquired of Forbes as to whether he might ask a few questions pertaining to the work. Mr. Forbes responded that he could if he didn't get on his nerves. Petitioner then said, "If I do I will go to town," and respondent said, "If you don't go I will kick you off," and immediately started striking him. Petitioner further testified that prior to sustaining his present injury he was a physically impaired person in that as a result of a prior accident he sustained an injury to his left hand which resulted in a permanent partial loss of use of his hand.

Mr. Forbes, in substance, testified he was foreman for the Forbes Painting & Decorating Company; that he had at no time employed petitioner; that petitioner had not been employed or hired by him at the time he sus-

tained his injury; that early on the morning of that date he met petitioner in front of a restaurant in the city of Norman; that he was then seeking employment, but that he was at no time employed by him; as to the conversation had in front of the restaurant in Norman Mr. Forbes testified:

"Q. Did you have a conversation with him at that time? A. Well, yes, he came up to me: he says, 'Are you Forbes'? I says, 'Yes'. He says, 'I guess you know about me then'? I said, 'Well, the business agent told me that you was coming this morning to bump another man from his job, that's all I know about it'. He says, 'Well, that's right,' and so I went ahead and got in the truck and he wanted to know if I was going to the job then, and I said, 'Yes, I am going on out'. I said, 'By the way, are you going to be regular'? He said, 'I don't know, I will go out and see how I like it'."

He further testified that immediately after the conversation he went to the place where the work was being performed and started work on his paint brushes and started to hook the spray machine to the truck; that shortly thereafter petitioner appeared, and, after asking numerous questions about the work and business, he then voluntarily went to his truck and obtained a trailer hitch and said, "Hook it up with this"; that the trailer hitch could not be used; that it was necessary before it could be used that a hole be bored in the truck and some welding be done; that after having been so informed, petitioner threw the trailer hitch to the ground, and after some further conversation was had between the parties, he started to enter the workshop. Petitioner stepped in front of him, picked up some object and came toward him cursing and made some move indicating that he intended to strike him; that he then in self-defense picked up the paint paddle and struck petitioner. Mr. Forbes further testified that petitioner did not help or assist him in hitching the spray to the truck as testified to by him, nor did he perform any kind of work that morning, nor was he ever engaged or employed to do so.

Mr. Sucky testified that he was employed by respondent. He was placed on the job by the union as a steward. One of his duties was to check an applicant appearing for work to ascertain as to whether he had a permit or union card, and as to whether he was in good standing with the union. If not, he would not be permitted to go to work until he placed himself in good standing; that no one could go to work on that job without clearing through him; that shortly before the altercation above referred to took place, he saw petitioner and inquired if he had a permit or union card, to which petitioner replied he did not know at that time as to whether he was going to work or not.

If the evidence offered by respondent be accepted as true as to such question, it is clear that the relationship of employer and employee did not exist between the parties at the time the injury occurred. On the other hand, if the evidence offered by petitioner be accepted as true and correct, then such relationship did exist at that time. The commission evidently accepted and credited the evidence offered by respondent as to this issue and found that at the time petitioner sustained his injury, the relationship of employer and employee did not exist between the parties.

It is, in effect, conceded by counsel for petitioner that there is some evidence tending to sustain such finding. It is, however, contended that the finding is contrary to the great weight of the evidence. In this connection it is asserted that when the relationship of employer and employee is denied in a proceeding to recover compensation under the Workmen's Compensation Act, this court on review will as a matter of law determine the sufficiency of the facts to establish the existence or absence of such relationship. This is a

correct statement of the rule. Reeves v. Muskogee Cotton Oil Co. et al., 187 Okla. 539, 104 P. 2d 443; Burrows v. State Industrial Commission et al., 188 Okla. 523, 111 P. 2d 175.

Applying this rule we have considered and weighed the evidence and have reached the conclusion that the finding of the State Industrial Commission in this respect is correct. It will therefore not be disturbed by this court on petition for review.

Order sustained.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.