DRAINAGE DISTRICT NO. 12 OF TULSA COUNTY et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 34640.  April 8, 1952.

Rehearing Denied May 20, 1952.

*244 P. 2d 585.*

Holly L. Anderson, Tulsa, for petitioner Drainage District No. 12.

Elmer W. Adams, Co. Atty., and Hugh Webster, Asst. Co. Atty., Tulsa, for petitioners Tulsa County and Board of County Commissioners of Tulsa County.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

George Campbell, Sand Springs, for respondent Lee Roy J. David.

WELCH, J.  This is an appeal by Drainage District No. 12 of Tulsa county, Oklahoma; George Hilshimer, drain-

age commissioner; board of county commissioners of Tulsa county, Oklahoma, as ex-officio commissioners of Drainage District No. 12; Tulsa county, and board of county commissioners of Tulsa county, to review an award of the State Industrial Commission awarding compensation to Lee Roy J. David.

The facts are undisputed. They are: On the 12th day of August, 1949, respondent sustained an accidental injury while in the employ of petitioner, Drainage District No. 12, Tulsa county, Oklahoma. It occurred while he was engaged in mowing grass along the side of the levee of the drainage ditch. The mower was attached to and drawn by a tractor. The tractor had an attachment with a chain which connected it to the ignition. As respondent was engaged in mowing, some object struck the chain cutting the motor off and the tractor was forced from the levee and slipped down a steep incline, and at the bottom thereof struck a tank car. A plank from the tank car struck him in the back and pinned him against the steering wheel of the truck and as a result thereof he sustained severe and permanent injuries to his person. None of the petitioners carried compensation insurance for the employees of the drainage district.

It is stipulated that the drainage district was not organized for profit; that the construction of the ditch was financed by separate assessments against the land of the owners who were benefited by the construction thereof. Separate assessments were made annually against the land of the owners for the purpose of obtaining necessary maintenance funds. Respondent was paid for his services by the drainage district by checks drawn against the maintenance fund by the drainage commissioners. The drainage district was organized under provisions of the State Drainage Act, 82 O. S. 1941, c. 3, §281, et seq.

The trial commissioner found that on August 12, 1949, respondent, while in the employ of petitioners and engaged in a hazardous employment, sustained an accidental personal injury arising out of and in the course of his employment, resulting in an injury to the body as a whole; as the result of the injury he was temporarily totally disabled for a period of 13 weeks and awarded him compensation as against all petitioners in the sum of $325, payable at the rate of $25 per week. The award was modified on appeal to the commission en banc by striking therefrom Tulsa county, and as so modified was sustained. Petitioners bring the case here to review this award.

Petitioner board of county commissioners of Tulsa county, in its proposition No. 1, contends that Drainage District No. 12 of Tulsa County is a separate, independent and distinct entity from the county, and the county is not liable for any of the obligations of the drainage district. In this connection it is argued that the board of county commissioners, in the performance of the duties placed upon it by the State Drainage Act, was not acting for and in behalf of Tulsa county, but was acting as the agent of the drainage district; that respondent was not employed by it, but was employed by the drainage district. That in no event could the board of county commissioners of Tulsa county be held liable to respondent for the injuries received by him, although the court should hold that he was then engaged in a hazardous employment. Various provisions of the Drainage Act and the authorities cited by this petitioner would appear to sustain its contention in this respect. Since, however, further objections are made to the award by the above petitioner, as well as other petitioners, which we think well taken, and decisive of the issues here presented as to all parties, we deem it unnecessary to definitely decide that question in the present case.

Petitioner board of county commissioners of Tulsa county further contends, as do all the other petitioners, that respondent was not engaged in a hazardous employment within the

meaning of the Workmen's Compensation Act, 85 O. S. 1951 §2, at the time he sustained his injury. Numerous employments are therein defined as hazardous. It does not appear, however, that the employment in which respondent was engaged at the time of his injury is among the employments therein designated as hazardous.

Respondent in his brief does not specifically point out or refer to any employment defined as hazardous which would cover the employment in which he was engaged at the time he sustained his injury. He asserts, without citing authorities to support such assertion, that since he was then engaged in mowing the grass along the side of the levee of the ditch with the use of a power-driven mower, he was performing work incident to the maintenance of the levee and therefore engaged in a hazardous employment. Should we indulge in the assumption that such work constituted work incident to the maintenance of the levee, we would not agree that such work constituted hazardous work.

In Payton v. City of Anadarko, 179 Okla. 68, 64 P. 2d 878, this court held that an employee of a city who sustained an injury while engaged in cleaning out a sewer for the city was not engaged in a hazardous employment. Certainly the work of cleaning out a sewer constitutes work incident to the maintenance and operation of the sewer, still, this court held that one employed to perform such work was not engaged in a hazardous employment. What is there said applies here.

Respondent was engaged in mowing grass along the side of the levee of the ditch, an employment which is not defined as a hazardous employment. The State Industrial Commission was therefore without authority to award him compensation for such injury.

Award vacated, with directions to dismiss the claim.

ARNOLD, C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.