**BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, Oklahoma, Petitioner,**

v.

**Bella Dixon HORNE and the State Industrial Commission, Respondents.**

No. 36357.

Supreme Court of Oklahoma.

Oct. 4, 1955.

J. Howard Edmondson, County Atty., Donald D. Cameron, Asst. County Atty., Tulsa, for petitioner.

Elmore A. Page, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is a proceeding brought by the Board of County Commissioners of Tulsa County, employer, to review an award made by the State Industrial Commission under the Death Benefit Provision of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., to the widow of Eugene Richard Horne.

It was stipulated that Eugene Richard Horne was an employee of Tulsa County at the time of his death; that he received an accidental injury in the course of his employment on the 13th day of November, 1953, which resulted in his death approxi-

mately five hours subsequent to the time of the injury.

At the time of the accidental injury resulting in his death he had been employed for approximately 20 months as a truck driver for the highway department in Tulsa County. For approximately 12 days prior to the accident he was shifted to a garage or repair shop maintained by the highway department in Tulsa County to take the place of the regular employee who was on vacation. He received the injury while working in the latter employment.

Ben Cook, the superintendent of Highway District No. 2 of Tulsa County testified that in connection with the operation of the trucks engaged in highway construction Tulsa County maintained in District No. 2 a repair shop garage or workshop out of which 40 trucks operated. This repair shop or garage was maintained for servicing and repairing all trucks and equipment incident thereto and a number of mechanics, mechanics' helpers and service men worked therein. In the garage was an electric welder, a drill press, a grinder and buffer and a trip hammer to beat out metal. All of these instruments were operated by electricity. One and one-half hours per day was consumed by Eugene Richard Horne in placing gasoline in the trucks. The rest of the time was spent in the repair shop doing odd jobs. The accident occurred when he was placing gasoline in one of the trucks at the repair shop.

It is not disputed that the accidental injury arose out of and in the course of the employment. The dependence of claimant is not disputed.

Employment in the garage or repair shop of the Highway Department of Tulsa County under the facts herein was employment in a workshop under the provisions of 85 O.S.1951 §§ 2 and 3. Gooldy v. Lawson, 155 Okl. 259, 9 P.2d 22; Lee Way Stage Lines v. Simmons, 166 Okl. 203, 26 P.2d 905.

There was no error in the award of the State Industrial Commission finding that Eugene Richard Horne sustained an accidental injury arising out of and in the course of his employment and that at the time of said accidental injury he was employed in hazardous employment within the meaning and definition of the Workmen's Compensation Law.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.