Horace C. VEAL, Petitioner,

v.

MIDWEST STEEL AND SUPPLY. COM-
PANY, Home Indemnity Insurance Com-
pany and the State Industrial Com-
mission, Respondents.

No. 37262.

Supreme Court of Oklahoma.

Oct. 23, 1956.

Paul Pugh, Oklahoma City, E. Smith Hester, Purcell, for petitioner.

Pierce, Mock & Duncan, and George F. Short II, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding brought by petitioner, Horace C. Veal, to review an order of the State Industrial Commission denying a claim for compensation against the respondents, Midwest Steel and Supply Company and its insurance carrier, Home Indemnity Insurance Company.

The record discloses that the petitioner was employed in Oklahoma as a truck

driver and that he was to drive both within and outside the State. On March 31, 1955, he had driven his employer's truck to Kokomo, Indiana, where, in the course of his employment, he sustained the injury which is the basis of his claim.

It was stipulated that the Home Indemnity Insurance Company had issued a policy of Workmen's Compensation Insurance on the Midwest Steel and Supply Company; that the wages of this petitioner were taken into consideration in determining the premium to be paid on said policy and that the said policy was in full force and effect on the date of the alleged injury.

The Commission denied the claim for the reason that the injury occurred outside the State and therefore the Commission had no jurisdiction to enter an award.

The alleged injury occurred prior to the effective date of 85 O.S.1955 Supp. § 4, S.L.1955, page 486, which extended the application of our Workmen's Compensation Law to injuries occurring outside the State. Said Act became effective June 7, 1955.

In Phillips v. H. A. Marr Grocery Co., Okl., 295 P.2d 765, this court held that the 1955 Act is not a purely procedural statute and is not retroactive so as to apply to an injury sustained by an employee in another state prior to the effective date of the Act.

Petitioner does not contend that the 1955 Act is applicable here but he does contend that the provisions of 85 O.S.1951 §§ 65.2 and 65.3, enacted in 1947, are applicable and that the provisions thereof extended the application of the Compensation Law to injuries occurring outside the State in those cases where compensation insurance had been obtained by the employer.

The cited statute, commonly referred to as the "Estoppel Act", provides, in substance, that where compensation insurance is obtained covering liability under the Compensation Law, the employer and insurance carrier are estopped to deny that the employment covered is hazardous, subject to and covered by the Workmen's Compensation Law, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of the injury. The Act further provides that such contract of insurance shall be conclusively presumed to be a contract for the benefit of every employee upon whom insurance premiums are paid and that the contract may be enforced by an injured employee before the State Industrial Commission as now provided by law.

We do not agree with petitioner's contention.

Prior to the enactment of the above statute, compensation was payable under the Workmen's Compensation Law only for injuries sustained in the hazardous employments enumerated in 85 O.S.1951 § 2, or defined as hazardous under § 3 of the title. City of Tulsa v. State Industrial Commission, 189 Okl. 73, 113 P.2d 987. The sole purpose and effect of the "Estoppel Act" was to extend application of the Compensation Law to all types of employment without regard to the hazardous nature thereof in those cases where compensation insurance was provided by denying the employer and the insurance carrier the defense that the employment was not hazardous as defined by sections 2 and 3 of the title. No language used in the "Estoppel Act" indicates an intention on the part of the Legislature to extend the application of the Workmen's Compensation Law to injuries occurring outside the State.

We conclude that the Commission ruled correctly in holding that it was without jurisdiction to entertain petitioner's claim and denying compensation.

Order sustained.