The CITY OF TULSA, Oklahoma, a
Municipal Corporation,
Petitioner,

v.

The STATE INDUSTRIAL COMMISSION
and Ben Y. Staton, Respondents.

No. 37549.

Supreme Court of Oklahoma.

Oct. 1, 1957.

Darven L. Brown, City Atty., Henry
Kolbus, Asst. City Atty., for petitioner.

Lee & Booth, Tulsa, Mac Q. Williamson,
Atty. Gen., for respondents.

WILLIAMS, Justice.

On the 14th day of January, 1956, Ben
Y. Staton, hereinafter called claimant, filed
his first notice of injury and claim for
compensation stating that on the 14th day
of September, 1955, while employed as a
mechanic by the City of Tulsa he sustained
an injury to the second finger of his right
hand. An award was made by the State
Industrial Commission for temporary dis-
ability and 50 per cent loss of the finger
and this proceeding is brought by the
City of Tulsa, hereinafter called petitioner,
to review the award.

The cause and extent of the disability are not issues. The petitioner presents the single issue that claimant was an employee of the garbage department or refuse department of the City of Tulsa and therefore is not entitled to an award for the reason that this court has repeatedly held that such employment is not within the Workmen's Compensation Law.

The record discloses that at the time of the accidental injury claimant was a mechanic working in the garage or workshop maintained by the City in the operation of its water department. It was the duty of claimant to repair motor vehicles. He was paid out of a fund used for the payment of employees for the refuse department, and at the time of the accidental injury he was working on a motor vehicle ordinarily used for garbage collection and disposal. However, none of his duties required him to assist in or perform any operation in connection with the collection or disposal of garbage.

The court has considered the liability of a county which operates a garage in connection with its highway department and therein held the county liable to an injured claimant. Board of County Commissioners v. Horne, Okl., 288 P.2d 406.

In City of Pryor v. Chambers, 138 Okl. 118, 280 P. 585, an award was sustained where the employee was engaged in the construction of a white way for the city. In City of Yale v. Jones, 166 Okl. 111, 26 P.2d 427, an award was sustained where the employee was injured while driving a tractor for the city. In City of Tulsa Water Department v. Barnes, 170 Okl. 601, 41 P.2d 809, an award was sustained where the employee was injured while employed in the water department of the city.

■ From an analysis of these cases we conclude and hold that wherever the municipality is acting in a proprietary capacity and the employee engaged in such capacity is within the terms of an employment defined as hazardous the employee comes within the Workmen's Compensation Law. Payton v. City of Anadarko, 179 Okl. 68, 64 P.2d 878. Garages have been defined as workshops within the meaning of the Workmen's Compensation Law. 85 O.S. 1951 § 3, subd. (11); Gooldy v. Lawson, 155 Okl. 259, 9 P.2d 22; McDuffie v. Nash Neon Sign Co., 202 Okl. 568, 215 P.2d 839.

Petitioner, arguing that it was performing a governmental function cites Montgomery v. State Industrial Comm., 190 Okl. 439, 124 P.2d 726, 728. Therein we determined that a carpenter working in a carpenter shop operated by Eastern Oklahoma Hospital for Insane was not covered by the Workmen's Compensation Law.

However, that case is distinguishable upon the facts. Therein, after referring to a police car repair shop case holding the repair of police cars to be a non-governmental function, we said:

"So far as the question of governmental function is concerned, the repair of police cars clearly cannot be placed in the same class with the repair of buildings and equipment of an institution for the care and treatment of mental patients. The one may be incidental to the governmental function but not essential to proper operation, while the other is necessary. The distinction is too evident to require discussion."

■■ We therefore hold that where a city maintains a garage or workshop where motor vehicles are repaired an employee of that garage or workshop is an employee of a hazardous occupation under 85 O.S.1951, sec. 3, subd. (11). We further hold that the evidence discloses claimant was an employee of the workshop maintained by the City of Tulsa in this case even though he was listed for payment of wages under the refuse department.

Award sustained.