Vera Corrine COOPER, Petitioner,

v.

OKLAHOMA CITY and The State Industrial Court, Respondents.

No. 39064.

Supreme Court of Oklahoma.

March 7, 1961.

Rehearing Denied May 2, 1961.

**484**

Schwoerke & Schwoerke, by C. W. Schwoerke, Oklahoma City, for petitioner.

Edward H. Moler, Municipal Counselor, Donald L. Cooper, Ass't Municipal Counselor, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

Vera Corrine Cooper, hereinafter called claimant, filed her first notice of death of her husband and claim for compensation under the Death Benefit Provisions (85 O.S. Supp.1955 § 22) of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., as amended. An award was denied and this proceeding is brought by claimant against the City of Oklahoma City to review the order denying the award. The award is in part as follows:

"That on September 11, 1959, Howard Cooper was an employee of the Park Department of respondent, engaged in mowing grass with a tractor cycle mower in Oliver Park at the southeast edge of the bridge which spans Lightning Creek; that said bridge is part of a public road or thoroughfare which traverses said park and is part of the street system of Oklahoma City; that on said date, Howard Cooper was found dead, wedged between bridge and overturned tractor, apparently the result of an accidental injury.

"That at the time and on the date of his death the said Howard Cooper was not engaged in a hazardous occupation as that term is defined and within the meaning of the Workmen's Compensation Act of the State of Oklahoma."

The sole question for determination is whether the State Industrial Court erred in its conclusion that deceased at the time of his death was not engaged in a "hazardous employment" as defined by 85 O.S.1951 §§ 2 and 3.

The record discloses that deceased was employed by the Park Department of the City and operated a tractor cycle mower in cutting weeds and grass. Deceased mowed at various places and locations according to instructions apparently given to him on a

day to day basis. In addition to mowing in parks of the City the deceased mowed along and in streets and at intersections of streets and this occupied a large part of his working time.

On the day of his death the deceased was directed to mow in Oliver Park. Thirty-third street passes through Oliver Park and, constituting a part thereof, is a bridge which spans a creek flowing through the park. No one saw the fatal accident. Deceased was on his second round of mowing and was beside the bridge and when found was crushed between the steering wheel and a beam of the bridge. The tractor was partly under the bridge and was out of gear with the engine and cycle running.

Claimant contends that the work of decedent falls within the classification of "construction and engineering works", being one of the enumerated hazardous employments set forth in 85 O.S.Supp.1959 § 2, as defined by 85 O.S.1951 § 3, subd. 14.

Title 85 O.S.1951 § 3, subd. 14, is as follows:

" 'Construction work' or 'engineering work' means *improvement or alteration or repair* of buildings, structures, *streets, highways,* sewers, street railways, railroads, logging roads, interurban railroads, electric, steam or water plants, telegraph and telephone plants and lines, electric lines or power lines, and includes any other work for the construction, altering or repairing for which machinery driven by mechanical power is used." (Emphasis ours.)

■ In City of Tulsa v. State Industrial Commission, 189 Okl. 73, 113 P.2d 987, we held as follows:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O.S.1931, 85 Okl.St.Ann. § 2; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment', as defined in section 13350, O.S.1931, 85 Okl.St.Ann. § 3."

■ Furthermore in determining whether a claimant is entitled to the benefits of the Workmen's Compensation Law we stated in City of Tulsa v. Wilkin, 201 Okl. 299, 205 P.2d 295, as follows:

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits; but before one is entitled thereto he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

■ The deceased was employed by the City to work in its park department. Generally his duties in that department were identified with the mowing of grass and weeds in the parks of the City and in those areas under the jurisdiction of the park department. On the day of his death he was performing such duties in Oliver Park. In view of his employment and the duties he was performing we consider it relatively unimportant that the accident occurred at or next to the bridge. Obviously deceased was mowing along the creek and at the side of and under the bridge. The fact that the area in which his death occurred was against or next to the bridge does not render such area any less a part of the park through which the street crossed. Deceased was performing no work upon the bridge itself such as replacing a rivet or bolt or repairing a hole in the floor of the bridge. Nor do we see under the evidence any connection between the mowing and the passage of traffic over the bridge or the street of which it was a part. We cannot say the mowing was under the circumstances in the words of the statute, an improvement or alteration or repair of a street or highway.

Decedent was merely doing what he was hired and directed by the park department to do and that was to mow a park.

The operation of a public city park is not named by 85 O.S.Supp.1959 § 2, as a hazardous employment and in order to invest the State Industrial Court with jurisdiction it is required that the facts must bring the employment of deceased within the definition of "hazardous employment" as the same is defined in 85 O.S.1951 § 3. City of Tulsa v. State Industrial Commission, supra. Claimant has failed to make the required proof.

Furthermore, in Rider v. Bob Hiner Service Station, Okl., 321 P.2d 378, 379, we held as follows:

"The presumption created in favor of employees by the provisions of 85 O.S.1951 § 27 is overcome when the record discloses by substantial evidence that the employee is not engaged in hazardous employment."

In Drainage District No. 12 of Tulsa County v. State Industrial Commission, 206 Okl. 460, 244 P.2d 585, a workman was injured while mowing a levee with a tractor drawn mower. Therein we held:

"An employee of a drainage district who sustained an injury while engaged in mowing grass along the side of the levee of the ditch, the mower having been attached to and drawn by a tractor, was not engaged in an employment defined as hazardous by the Workmen's Compensation Act, and the State Industrial Commission was therefore without authority to award him compensation for such injury."

And in City of Hobart v. Wagoner, 191 Okl. 689, 132 P.2d 926, where claimant was injured while erecting a traffic sign at an intersection we vacated an award of compensation on the ground the sign did not constitute an improvement or repair or alteration of the street and was not attached for the purpose of providing passage on the street.

Claimant cites a number of cases but they are either not in point or are clearly distinguishable on their facts. We will mention several of these cases. In City of Tulsa v. State Industrial Commission, Okl., 319 P.2d 313, claimant was employed by the city park department and was injured while topping trees preliminary to their removal for construction of a road through the park; and in City of Tulsa v. State Industrial Commission, 189 Okl. 73, 113 P.2d 987, claimant was one of a crew constructing a street curb in the park. Both of these cases presented facts clearly constituting work connected with or incident to construction, improvement and repair of a street. Also cited by claimant is Southwestern Forestry Co. v. Pettus, 154 Okl. 187, 7 P.2d 139, wherein the claimant was employed to trim trees so as to leave a clear space of three feet surrounding electric or power lines. This was done so that the lines would not be broken and passage of the current would continue without interruption. This is not analogous to the present situation in view of our conclusion as above expressed.

The finding of the State Industrial Court on the question of whether deceased was engaged in a hazardous employment at the time of his death, within the terms of the Workmen's Compensation Act, is not binding on this court but is a question on which the evidence may be reviewed to determine if the employment was hazardous. McClung v. Colclasure, 197 Okl. 445, 172 P.2d 623. See also Burger v. Lickliter, Okl., 319 P.2d 594 and McCarthy v. Forbes Painting & Decorating Co., 203 Okl. 463, 223 P.2d 366.

Applying this rule we have considered and weighed the evidence and have reached the conclusion that the finding of the State Industrial Court in this respect is correct. It will therefore not be disturbed by this court.

Order sustained.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., and JOHNSON and BERRY, JJ., dissent.