Edith M. RICHEY, Petitioner,

v.

CITY OF OKLAHOMA CITY, and the State
Industrial Court, Respondents.

No. 38804.

Supreme Court of Oklahoma.

Jan. 23, 1962.

Melville F. Boddie, Oklahoma City, for
petitioner.

Edward H. Moler, Municipal Counselor, James G. Hamill, Asst. Municipal Counselor, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

Edith M. Richey, claimant, is the widow of John S. Richey, deceased employee of the City of Oklahoma City. Her claim for statutory death benefits was denied by the State Industrial Court whose order rests on its finding that decedent's employment with the city did not come within the purview of the Workmen's Compensation Act. The sole issue on review is the correctness of this determination as a matter of law.

The material facts are not in dispute. Decedent, an assistant labor foreman, was assigned to the "southeast district" of the city park department. He was charged with supervising a crew of workmen engaged in cleaning certain designated park areas and in preparing, or arranging, these facilities for public use. In the performance of his work he was using a dump truck equipped with a hydraulic lift. Each day during the noon break he was allowed to drive this vehicle home. While at home for lunch decedent did receive instructions by telephone from his superintendent concerning the work to be done in course of the afternoon. The circumstances indicate, and the parties agree, that on March 30, 1959, decedent drove the dump truck to his home and parked it in his driveway. It appears that he then raised the dump bed of the truck in an effort to repair a faulty muffler bracket. When found by a neighbor, decedent's body lay "pinned" between the frame and the bed of the vehicle. Crushed by the weight of the truck bed pressing upon him, decedent died before his body could be released.

 The law is well settled that the municipal operation of a public park does not constitute a business, trade, line of occupation or endeavor which is enumerated in, or defined as hazardous by, the Workmen's Compensation Act. Cooper v. Oklahoma City, Okl., 361 P.2d 483; City of Tulsa et al. v. State Industrial Commission et al., 189 Okl. 73, 113 P.2d 987; Ponca City et al. v. Grimes et al., 144 Okl. 31, 288 P. 951. In the last cited case we held that a workman who operates a motor vehicle in connection with the maintenance and upkeep of a public park does not come within the purview of the Workmen's Compensation Act.

Claimant asserts that these decisions have no application to the case at bar. The pivot of her argument rests on the fact that, when fatally injured, decedent was engaged in the repair of a municipal truck and, since the city maintained a "workshop" or garage for the repair of its motor vehicles, decedent was doing work incidental to, or connected with, the operation of that hazardous department. Cited in support of this contention is the City of Tulsa v. State Industrial Commission, Okl., 316 P.2d 612. In this decision we sustained an award in favor of a municipal employee who was engaged in the workshop or garage maintained by the city for the repair of its vehicles. The facts recited in the opinion clearly show that "It was the duty of the claimant to repair motor vehicles," and that " * * * none of his duties required him to assist in or perform any operation in connection with the collection or disposal of garbage."

The very converse to this situation is presented by the instant cause. Decedent's duties were of one general class, and all of them pertained to the operation of a non-hazardous municipal department which had no natural connection with the function performed by the workshop or garage. There is no showing here that decedent was ever assigned to, or called upon to assist in performing any duties for, the vehicle repair shop; nor was he engaged in such shop when fatally injured. We therefore hold that the record affords no basis for claimant's contention that the decedent, at the time of his death, was employed by, or performed work for, the municipal garage.

 Nor can we agree with the claimant that the mere act of the decedent in

voluntarily undertaking to repair a broken muffler bracket, operated in its effect, to alter the character of his employment so as to transform it into one which was incidental to, or connected with, the activity of the workshop. As we view the evidence, decedent's act in undertaking to repair the truck was, under the facts, merely incidental to his duty of operating a motor vehicle for the park department. See, in this connection, Oklahoma City v. State Industrial Commission et al., 182 Okl. 621, 79 P.2d 575, 576. Claimant's argument overlooks that the work of repairing a motor vehicle is not in itself declared hazardous by the Act, but only when connected with, incident to, or an integral part of, a "workshop" within the meaning of the statute. Cross v. Brown, Okl., 363 P.2d 935, 937; Skelly Oil Company v. Waters et al., Okl., 348 P.2d 320, 322; Rider v. Bob Hiner Service Station, Okl., 321 P.2d 378. Moreover, the right to benefits under the Workmen's Compensation Law is not governed by the specific act performed by the employee when injured, but depends upon the nature of his employment. Baldwin-Hill Company v. Lochner, Okl., 359 P.2d 228.

Claimant relies on: Oklahoma City v. State Industrial Commission et al., 147 Okl. 261, 298 P. 577 and City of Tulsa v. State Industrial Commission, Okl., 319 P.2d 313. In the cited cases this court held that a municipal employee performing labor incident to, or connected with, the construction of a road or street through a public park is engaged in hazardous employment within the meaning of the Act. Such work is separate and distinct from the operation of a public park, and is specifically declared hazardous by statute. There is hence no analogy to the situation in the case at bar.

Lastly, claimant contends that the trial tribunal's determination is indefinite and not responsive to the issue. The State Industrial Court found that "claimant was employed solely and exclusively by the Park Department of Oklahoma City, at the time of his accidental death * * *" The finding as made sufficiently disposes of the sole adjudicatory fact formed by the evidence.

We have carefully examined the record and hold that the conclusion reached by the trial tribunal is correct. Claimant, when fatally injured, was engaged in work incidental to the operation of a motor vehicle for the municipal park department, and his duties were wholly disconnected from the hazardous motor vehicle repair shop.

Order denying an award is accordingly sustained.