The CITY OF OKLAHOMA CITY, a
municipal corporation, Petitioner,

v.

Charles E. WATKINS and the State
Industrial Court, Respondents.

No. 45819.

Supreme Court of Oklahoma.

July 3, 1973.

Roy H. Semtner, Municipal Counselor, William D. Graves, Asst. Municipal Counselor, Oklahoma City, for petitioner.

Ben A. Goff, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for respondents.

WILLIAMS, Vice Chief Justice.

Petitioner, hereafter called respondent as in the trial court seeks to vacate a trial judge's order awarding claimant compensation for temporary total disability and permanent partial disability (30%) to the left leg, resulting from accidental injury during employment.

Claimant was employed in respondent's garage as an auto mechanic engaged in repair of vehicles used by the zoo. The garage portion of the maintenance center contained machinery customarily used in garages, and was devoted to repair and maintenance of more than 20 vehicles operated by the zoo. On Monday January 17, 1971, claimant and another employee were sent onto the grounds to repair or start an inoperable truck. The employees were manually pushing the truck backward in order to get it in position to be pushed by another vehicle, to the garage. Claimant's left foot was caught under a wheel and bruised and his knee twisted. This accident was reported to the foreman, who directed claimant to file accident report and go to the medical clinic.

Claimant reported to Dr. W. and was examined, advised to apply ice packs at home and return on Wednesday. The left knee swelled although treated as directed, and claimant returned to the clinic Wednesday at which time X-rays were taken. Claimant was advised a specialist should examine the knee, and Dr. F.'s name was mentioned, but claimant was told to return to work. The supervisor was informed of injury, but claimant continued work through Sunday although the knee was swollen and causing difficulty. On Monday claimant advised respondent of his condition and made an appointment with Dr. F., who, after examination and X-rays, arranged for hospitalization on January 31st. Upon reporting to hospital and going to his room claimant was told to leave the hospital and return to Dr. F.'s office, which he did but was unable to see the doctor. On Wednesday claimant was in touch with

respondent's employee representative and was advised respondent disclaimed all responsibility. Claimant then consulted an orthopedic specialist (Dr. T.) and was hospitalized February 7, 1972 for surgery. Respondent terminated employment on February 10th while claimant was hospitalized At the hearing medical reports introduced into evidence evaluated permanent partial disability at from 15% to 40% as result of accidental injury.

■ Two contentions presented urge error by reason of the court's alleged lack of jurisdiction to enter any award. The first asserts failure of evidence showing claimant, at time of injury, was engaged in employment defined as hazardous by Workmen's Compensation Act, 85 O.S.1971 § 2. Respondent argues claimant's employment with the zoo was with a department or function of the City's business which is not enumerated as hazardous, and therefore was outside scope of the Act. Decisions in Cooper v. Okla. City (Okl.) 361 P.2d 483, and Richey v. Okla. City (Okl.) 368 P.2d 486, are cited as authority supporting the argument the work being performed was incidental only to operation of a public park, which is not included in the Act.

These cases clearly are distinguishable from the present proceeding. Our decision in *Cooper, supra*, was prior to 1965 amendment of the Act, which removed the distinction between proprietary and governmental functions and included all employees of cities or towns engaged in hazardous employments. In *Richey, supra*, deceased was engaged exclusively as assistant labor foreman charged with cleaning and arranging park facilities for public use. The work being performed at time of the accident was not connected with any duties related to a department defined as hazardous.

■ We are of the opinion our decision in City of Tulsa v. State (Okl.) Industrial Court, 316 P.2d 612, is decisive in the present proceeding. That decision points out that a municipal garage maintained for repair of the city's vehicles is a workshop

within meaning of 85 O.S.1971 § 3(11). An employee of that workshop who sustains injury arising out of and in course of employment suffers compensable injury.

The conclusions stated in Bd. Ed., etc. v. Wright (Okl.) 460 P.2d 422 and Rhoton v. City of Norman (Okl.) 466 P.2d 948, do not affect applicability of the rule in *City of Tulsa, supra*. Both *Rhoton* and *Wright* are measured by the test that proof the work being done is of proprietary nature, standing alone, is not sufficient to support award of benefits. The claimant is required to show also the work being performed at time of accident is hazardous within meaning of § 3 of the Act.

The second contention urges lack of jurisdiction to enter an award because at time of injury claimant was not performing a task coming within provisions of the Act. Respondent recognizes claimant was employed as an automotive mechanic in the zoo garage, but argues these duties as a mechanic could be performed only by using machinery in the maintenance shop. Thus, when required to go outside to repair trucks, the safari train, or perform emergency repairs on vehicles outside the shop, claimant would fall within the class of employees required to perform both hazardous and non-hazardous employment. Then, because injured in performing duties away from the shop claimant was not performing duties in the maintenance shop. From this tenuous reasoning respondent concludes the evidence was insufficient to invest the court with jurisdiction to enter an award, under the rule in Teaney v. Cox, et al. (Okl.) 458 P.2d 151.

■ This argument lacks substantial merit. The fact claimant's injury did not occur in the maintenance shop where power machinery was used did not render the injury noncompensable. Neither does the fact that claimant was performing duty of a simple nature at a place where power machinery was not in use destroy right to compensation. Okl. Ry. Co. v. Voss, 187 Okl. 622, 105 P.2d 218, and Bd. Commrs. Tulsa County v. Horne (Okl.) 288 P.2d

406. This distinction was recognized in Syllabus 3 of *Teaney*, supra. Therein we said:

> "The State Industrial Court has jurisdiction to enter an award for compensation to a claimant only when claimant at the time of his injury was engaged in performing manual or mechanical labor in an employment enumerated in and defined as hazardous by the Workmen's Compensation Act, 85 O.S.Supp. 1967, Sec. 2, or was doing some act incident to or an integral part of such an employment."

In view of that expression, an injury arising out of or in course of employment in a garage maintained by the respondent for repair and maintenance of its motor vehicles is compensable.

■ A third contention alleges complete failure of evidence to support award of compensation to claimant. One argument insists claimant's evidence concerned injury only to the left foot, which injury was wholly unsubstantiated by medical testimony. Testimony as to occurrence of injury disclosed claimant's left foot was bruised and contused. Injury to the foot was established on examination and claimant was sent home with instructions for treatment. Medical reports included this injury in claimant's history, and recognized this accidental injury as the causative force resulting in injury and partial disability to the knee. No percentage of disability awarded included the foot injury. Argument concerning failure of medical evidence in this respect lacks substance under terms of the order entered.

■ Another argument involves weight of medical evidence to support finding of injury disability to the knee because based on claim competent medical evidence justified finding lesser percentage of disability because of a prior injury. Evidence disclosed claimant had suffered previous knee injury in 1957 which still was discernible. The new injury was superimposed upon the old, and respondent's physician attributed laxity of the knee to this old injury, although evaluating disability of the left knee at 15% as result of injury and subsequent surgery. Other medical evidence found treatment of the old injury unnecessary and inadvisable, and specifically excluded that injury from consideration in evaluating partial disability resulting from the last accident. Award of compensation for permanent partial disability determined from competent medical testimony constitutes a conclusive finding of fact which is binding upon this Court. Kerr-McGee Corp. v. State Industrial Court (Okl.) 474 P.2d 411.

Award sustained.

DAVISON, C. J., and BERRY, HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.