TOWN OF BOSWELL, State of Oklahoma, Petitioner,

v.

Paul Joseph TRABOLD, Jr., Respondent.

No. 49576.

Supreme Court of Oklahoma.

March 22, 1977.

---

1. *Miller v. Judd*, 429 P.2d 714, 717 (Okl.1967); Cooper v. Woodruff, 357 P.2d 969 (Okl.1960).

2. *Cooper v. Woodruff*, id. p. 971.

Kile & Rabon by Bob Rabon, Hugo, for petitioner.

Richard Bell, Norman, for respondent.

BERRY, Justice:

Petitioner, hereafter designated the Town, perfected this proceeding to review a trial judge's order awarding compensation for permanent partial disability [30%] to body as a whole resulting from accidental injury found to have been sustained in course of covered employment.

Claim for compensation alleged injury occurred when claimant was struck by the bucket of a backhoe being operated in excavating a grave site in Town's cemetery. Respondent denied all allegations, and specifically denied State Industrial Court jurisdiction of the case because not an included employment within the Act, 85 O.S.1971 § 1 et seq.

Employed as a caretaker of Town's cemetery, claimant's duties involved grass mowing with gasoline powered mowers, shrubbery trimming, and general maintenance. Claimant also testified when mowers broke down he performed repairs if possible. Claimant was injured when struck in the right side by a backhoe being operated to excavate a grave. Emergency medical treatment was given and claimant then was hospitalized for further testing because of possible kidney damage. Further examination and tests culminated in exploratory surgery, which revealed absence of normal right kidney, diagnosed as having been destroyed by an old condition [Hydronephrosis].

The attending surgeon reported no disability due to accidental injury, because the kidney had been destroyed prior to injury. Claimant's physician reported 65% permanent partial disability to body as a whole resulting from loss of right kidney.

The sole issue is whether State Industrial Court had jurisdiction to make an award, since claimant's employment is not enumerated as hazardous employment by the Act, supra.

Cemeteries are not included in hazardous employment, described in § 2 of the Act, for which compensation is payable for injuries sustained. In *Rose Hill Burial Park v. Garrison*, 176 Okl. 355, 55 P.2d 1045, syllabus 1 and 3 states:

"Our Workmen's Compensation Law is remedial in its objects and operation and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect. *Mobley v. Brown et al.*, 151 Okl. 167, 2 P.2d 1034, 83 A.L.R. 1014.

"A cemetery or burial association not being one of the classes named or described and classified in the above-named sections, the fact that it operates such equipment as a cement mixer and power-driven lawn mower will not operate to place it in any class covered by the provisions of the Compensation Law."

Also see *Enid Cemetery Assn. v. Grace*, 177 Okl. 320, 59 P.2d 284.

Decisions construing and applying our compensation law uniformly declare an employee not engaged in employment defined as hazardous by § 2 of the Act, must establish facts sufficient to bring an injury within definition of hazardous employment expressed in § 3 of the Act. Particular application in cases involving injury in non-hazardous employments may be observed in many decisions. *Cooper v. Okla. City*, Okl., 361 P.2d 483; *Bd. of Ed. Ind. S.D. No. 1 v. Wright*, Okl., 460 P.2d 422; *Teaney v. State Industrial Court*, Okl., 458 P.2d 151; *Rhoton v. City of Norman*, Okl., 466 P.2d 948; *Richey v. Okla. City*, Okl., 368 P.2d 486.

Claimant argues, although claimant was employed as caretaker, evidence showed he was required to repair machinery. Therefore this employment was equivalent to a workshop, and should afford protection under the Act, as applied in *City of Okla. City*

*v. Watkins*, Okl., 512 P.2d 109. The distinguishing feature in Watkins arises from the fact claimant was engaged in an employment defined as hazardous under § 2. Distinction between that decision and the matter under review is apparent.

Claimant was not employed in work classified as hazardous under the Act. Assuming evidence relative to performance of mechanical work on some occasions sufficient to have brought claimant within protection of the Act, the work performed at time of injury was not hazardous employment. State Industrial Court has jurisdiction to award compensation only for accidental injury which arises out of and in course of employment. *International Spa v. Jones*, Okl., 525 P.2d 630.

Award vacated and cause remanded with directions to dismiss claim.

All Justices concur.