**KENNEDY, Trustee, et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 27647.    Sept. 28, 1937.

M. C. Rodolf, Joe B. Houston, and Parke Davis, for petitioners.

John S. Robinson and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by S. G. Kennedy, trustee, and S. G. Kennedy individually and his insurance carrier to obtain a review of an award made by the State Industrial Commission in favor of the respondent Grover C. Sullivan. We will hereafter refer to the parties as petitioners and respondent unless a more explicit designation is required.

There is no serious dispute regarding the facts. S. G. Kennedy, as an individual and as trustee, was engaged in the rental and investment business and in connection therewith owned and operated a number of urban and rural properties in and adjacent to the city of Tulsa, including an office building known as the Kennedy Building.

The respondent was the superintendent and engineer of the Kennedy Building, and in addition thereto was required to look after, superintend and repair any and all other properties belonging to Dr. Kennedy, either individually or in his capacity as trustee. The respondent, while engaged in repairing an electric line on one of the properties adjacent to the city of Tulsa, fell from a pole and was seriously injured. The employer furnished medical attention and continued to pay the respondent his usual salary of $200 per month. Respondent in employee's first notice of injury and claim for compensation stated that his occupation was that of superintendent of the Kennedy Building. The employer's first notice of injury gave respondent's occupation as that of superintendent and engineer. At the hearings held by the commission the evidence disclosed the fact that respondent's duties were in part supervisory and in part manual and mechanical, and while primarily connected with the operation of the Kennedy Building, were not confined thereto but extended to any and all other properties of his employer and embraced practically everything necessary to be done in connection with their care and upkeep. The State Industrial Commission found that respondent was engaged in a hazardous employment as defined by the Workmen's Compensation Law and made an award requiring the employer to furnish further medical care and attention and denied any further compensation, since the employer had paid the respondent his usual salary without interruption. The petitioners challenge the jurisdiction of the commission to make any award for the reason that the business of the employer was not one of those enumerated in and defined by

the Workmen's Compensation Law, and for the further reason that the facts did not bring it within the terms of hazardous employment as defined by said law. This contention is well taken and must be sustained. As stated in Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. (2d) 294:

"Section 13349, O. S. 1931, enumerates and designates the classes of industries and business enterprises which come within the meaning and operation of the Workmen's Compensation Law.

"The State Industrial Commission is without jurisdiction to make an award of compensation under the terms of the Workmen's Compensation Law of this state, except in cases wherein it is made to appear that the employer is engaged in one of the classes of industries, plants, factories, lines, occupations, or trades mentioned in said act."

Respondent in his brief in effect concedes that the business of his employer was not one of those enumerated in and defined as hazardous by the Workmen's Compensation Law, but urges that since his duties were to a large extent the same as those performed in hazardous employments within the definition of the statute, and since such duties were essential to the proper conduct of his employer's business, therefore he should be accorded the protection of the act under the rule heretofore announced by this court in those cases where an employer carries on and conducts several classes of businesses, some of which are hazardous and some of which are nonhazardous. This is to misconceive the reason, purpose and extent of the rule announced in those cases and to lose sight of the principle which gave rise to the rule. It is the nature of the employment in which an employee is engaged, rather than the specific act which he may be performing at the time of an injury, that determines his right or the lack of right to compensation under the law. As said in the case of Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P. (2d) 98:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of business or industry enumerated in and defined as 'hazardous' by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous. Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. (2d) 846."

Since the employment in which the respondent was engaged was not in an industry, line or business named in the statute, and the facts fail to show that the employment was in fact a hazardous one included within the lines, industries, plants, or businesses named in the statute, the State Industrial Commission was without jurisdiction to make any order or award and should have dismissed the claim for want of jurisdiction. The award is vacated and the State Industrial Commission directed to dismiss the claim for want of jurisdiction.

Award vacated, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur.