FURROW & CO. et al. v. MILLER et al.

No. 29365. June 18, 1940.

Rehearing Denied July 2, 1940.

Application for Leave to File Second Petition for Rehearing Denied Nov. 26, 1940.

*107 P. 2d 193.*

Pierce & Rucker and Fred M. Mock, all of Oklahoma City, for petitioners.

Williams, Teague & Williams, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the petitioners, Furrow & Company and Utilities Insurance Company, insurance carrier, to review an award for temporary total disability made to W. M. Miller, respondent.

Respondent was an employee of a greenhouse owned and operated by Furrow & Company of Guthrie, Okla. As an incident to and connected with the duties of his employment it was incumbent upon him to tend the boilers for heating the water to keep in operation the irrigation and sprinkling system of said greenhouse. He was repairing a water pipe in the irrigation line, and while so engaged on the 15th day of July, 1937, he sustained an accidental injury when a wrench slipped and hit him on the head. On the 15th day of July, 1939, the State Industrial Commission entered an award for temporary total disability as a result of said injury.

Petitioners seek to obtain a review of the award upon the ground that the employment of respondent was not within the terms of hazardous employment within the meaning and definition of our Workmen's Compensation Law. Section 13349, O. S. 1931, as amended, 85 Okla. St. Ann. § 2.

This court has many times held that it is not sufficient to show that the employee was engaged in manual or mechanical work, but it must be shown that such work or labor is of a hazardous nature as that term is used in the Workmen's Compensation Law; that the State Industrial Commission is without jurisdiction to make an award for compensation under the terms of the Workmen's Compensation Law of this state except in cases wherein it is made to appear that the employment is in one of the classes of industries, plants, factories, lines, occupations or trades mentioned in said act. Rose Hill Burial Park v. Garrison, 176 Okla. 355, 55 P. 2d 1045; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. 2d 141; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Central Surety & Insurance Corporation v. State Industrial Commission, 180 Okla. 383, 69 P.

2d 1036; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. 2d 1049; City of Duncan v. Ray, 164 Okla. 205, 23 P. 2d 694; Plaza Grill v. Webster, 182 Okla. 533, 78 P. 2d 818; Kennedy v. State Industrial Commission, 181 Okla. 3, 72 P. 2d 367.

The first question to determine is whether the operation of a greenhouse is within the excluded terms of section 13350, O. S. 1931, on the ground that it is employment in agricultural pursuits. So far as we have been able to ascertain, this court has never had occasion to determine whether the operation of a greenhouse is within the excluded terms of agricultural pursuits. In Ginn v. Forest Nursery (Tenn.) 52 S. W. 2d 141, it was held that under the facts and circumstances the operation of a greenhouse was an agricultural pursuit, and therefore the employment was excluded by the provisions of the Tennessee act, which is very similar to that of our own state. While in Hein v. Ludwig (Pa.) 179 Atl. 917, the Supreme Court of Pennsylvania, in a fact situation very similar to the case at bar, under a statute almost identical with ours, held that employment in a greenhouse was employment in a commercial enterprise or industry. While we are inclined to follow the reasoning of Hein v. Ludwig, supra, it does not follow that because it is employment in industry, the State Industrial Commission was authorized to enter an award. It must be determined that the employment is in one of the industries covered by the Workmen's Compensation Law.

Two suggestions are made by the respondent which will be discussed in order. It is claimed that the employment was in a workshop where machinery was used. We find no evidence in the record justifying the holding that the employment was in a workshop where machinery is used.

It is next urged that under the facts and circumstances it is a "steam heating * * * plant." Section 13349, supra.

We have not been favored with any decisions which have judicially defined steam heating plants under our statute or a similar statute in workmen's compensation cases. In Burkitt Motor Co. v. City of Stuart (Iowa) 181 N. W. 762, the Supreme Court of Iowa held that a steam heating plant which was an adjunct of and incident to an electric power plant was not a steam heating plant within the terms of the Iowa Code involving operations of commercial steam heating plants by municipalities.

In Veazey Drug Co. v. Bruza, supra, we held that a warehouse which it was claimed was a wholesale department was nothing more than an adjunct to or a part of the general retail business of the employer, and did not change the employment of the injured employee to one coming within the act as a wholesale mercantile establishment.

In Central Surety & Insurance Corp. v. State Industrial Commission, supra, it was held that a workshop operated in connection with a hotel was not a workshop defined by the above statute, and in Rose Hill Burial Park v. Garrison, supra, we held that employment by a cemetery association did not become hazardous within the terms of section 13349, supra, because there was used in connection therewith a concrete mixer, a motor truck, power-driven lawn mowers, and a water pump.

Since the employment in a greenhouse is not one of those included in hazardous employments within the above-named statute, the fact that as an incident to and connected with his employment the respondent had to tend the boilers and keep the irrigation and sprinkling system in order did not justify the State Industrial Commission in declaring his employment hazardous. It therefore follows that the award must be vacated, with directions to dismiss the claim.

Award vacated, with directions to dismiss the claim.

BAYLESS, C. J., WELCH, V. C. J., and HURST, DAVISON, and DANNER, JJ., concur.