CITY OF HOBART et al. v. WAGONER et al.

No. 30431. Jan. 12, 1943.

*132 P. 2d 926.*

Mont R. Powell and Preston Peden, both of Oklahoma City, for petitioners.

J. Robin Field, of Hobart, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding brought by the city of Hobart and the State Insurance Fund, petitioners, to review an award made to Harry Wagoner, respondent.

The State Industrial Commission found that the respondent was injured on the 8th day of August, 1940, while employed in street repair for the city of Hobart. Respondent was employed as a carpenter to construct a series of signs. The one in question was being placed at the intersection of two streets of the city of Hobart to regulate traffic. The sign had been partially made by respondent at a Hobart lumber company, where there was a power-driven steel revolving saw. The sign had been painted in a separate building and obtained by respondent, whereupon he, with a member of the city commission of the city of Hobart, went after "business hours" to the intersection where the sign was to be installed, and while installing the sign at the intersection of the street the respondent was struck by a passing automobile and received the injury of which complaint is made. The accident occurred at approximately 10:30 p. m.

Based upon this evidence the State Industrial Commission entered an award for temporary total disability, and it is to review this order of the State Industrial Commission that the petitioners have brought this proceeding.

It is not enough that an employee, in order to obtain an award, be employed in manual or mechanical labor of a hazardous nature. Before he is entitled to an award, the employment out of which the injury arises must be in one of the industries mentioned in 85 O. S. 1941 §2, or the facts must show hazardous employment as defined by 85 O. S. 1941 §3. Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. 2d 827; Clinton Cotton Oil Co. v. Holdman, 174 Okla. 423, 50 P. 2d 732; Rose Hill Burial Park v. Garrison, 176 Okla. 355, 55 P. 2d 1045; Furrow & Co. v. Miller, 188 Okla. 199, 107 P. 2d 193.

Though the construction of public roads, improvements, alteration, or repair of streets and highways are employments covered by the Workmen's Compensation Act, the work being done by the respondent at the time he was injured does not fall within any of these classifications of employment. The sign being installed was for the purpose of directing traffic. A traffic signal or sign, such as the one in question, attached to the highway or street, is no part of the highway or street as such and does not therefore constitute an improvement or repair thereof. It is not attached to the street or highway for the purpose of providing passage thereon, but for the sole purpose of directing traffic. The contention of the respondent that he was engaged in "construction or engineering work" is untenable, and the determination of the Industrial Commission that he was engaged in repair or alteration of the streets of Hobart was erroneous.

The respondent further contends that he was doing work incidental to the operation of a workshop. The workshop in question was owned and apparently provided for the use of carpenters by a lumber company. There is no showing in the record that the city of Hobart had anything to do with the arrangement for the use of said workshop, nor is there any showing that it had any right of access to or control thereof. Aside from the question of whether the installation of the signal, partially manufactured therein, was incidental to the operation of a workshop, as defined by the Workmen's Compensation Act, it was not a workshop over which the petitioner had control or the right of access to. A "workshop," to be within the purview and definition of the Workmen's Compensation Act, must be one which the employer provides and operates, or one over which he has the right of control and supervision. For the foregoing reason, the shop in question was not a workshop within the contemplation of the act.

It is argued by the petitioners that the employment of the respondent was in

a governmental capacity, and in support of an application to vacate the petitioners cite Payton v. City of Anadarko, 179 Okla. 68, 64 P. 2d 878, and related authorities. In view of what we have already said, we do not consider it necessary to determine this question.

Award vacated.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., absent.