KING v. CARL B. KING DRILLING CO. et al.

No. 31152. April 4, 1944.

*147 P. 2d 463.*

Williams & Teague, of Oklahoma City, for petitioner.

George F. Short, Welcome D. Pierson, George E. Fisher and John F. Reed, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original proceeding in this court to review an order of the State Industrial Commission which denied Carl B. King, claimant, an award against Carl B. King Drilling Company, a copartnership composed of Carl B. King, W. F. Dye, and J. E. Warren, and Associated Indemnity Corporation, respondents. The parties will be referred to as they appeared in the State Industrial Commission.

On July 22, 1941, claimant filed with the State Industrial Commission employee's first notice of injury and claim for compensation for a disability resulting from an accidental personal injury received while on business for respondent on Ooctober 16, 1940, when the automobile of claimant collided with another automobile on a public highway in Bryan county. The claim for compensation was based upon the allegation that the Carl B. King Drilling Company was engaged in drilling and exploration for oil and gas within the State of Oklahoma and elsewhere, and that the claimant, in addition to procuring leases, drilling contracts and other managerial duties connected with the respondent company, actually engaged, at times, in mechanical and manual labor incident to and an integral part of respondent's business. The respondents deny that claimant was engaged in a hazardous work coming within the purview of the Workmen's Compensation Act, at the time of the alleged personal injury.

The evidence adduced at the hearings before the Industrial Commission discloses that Carl B. King, the claimant, was a partner in the Carl B. King Drilling Company, a copartnership, and was in fact its principal owner, holding a one-half interest therein; that the Carl B. King Drilling Company was engaged in the business of drilling and exploring for oil and gas; that he worked in the capacity of manager, securing contracts and leases for the drilling of wells, and looking after the drilling of such wells, and on a few occasions did manual work on the derrick floor; that he drew $500 per month from Carl B. King Drilling Company, in addition to 50 per cent of the profits of the company; that one of the other partners drew $475 per month and the other partner drew no salary, but only participated in the profits; that the $500 per month paid to the claimant was carried on the company books as operating expense and no social security tax was paid thereon; that on the date of the accident he (King) was going to Tulsa, Okla., from Dallas, Tex., to discuss with a Mr. Warrick the question of entering into a contract with the Carl B. King Drilling Company or some other company to drill a well on some holdings held by claimant individually and Mr. Warrick in Hughes county. The evidence further shows that claimant had no particular duties to perform other than those he saw fit in the exercise of his own judgment as manager. The evidence further shows that claimant was a man of wide interests and by no means devoted his entire time and attention to the business of his firm, but that he also acted as president of a corporation for which he received a salary and carried on other business enterprises of various kinds.

Upon trial and after the introduction of all the evidence, the State Industrial Commission sustained a demurrer to claimant's evidence, and found that claimant, at the time of accidental injury, was not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Act, and at said time was not subject to or covered by the provisions of said law, and entered its order accordingly holding that it was without jurisdiction.

The nature and extent of the disability is not here involved and need not be considered. The claimant contends, in substance, that the State Industrial Commission erred as a matter of law in holding that it was without jurisdiction to grant an award in favor of claimant.

The claimant, in his brief, states:

"It will further be recalled that claimant's duties were various and numerous, some of a hazardous and some of a nonhazardous nature. At the time of his accident he was engaged in a nonhazardous occupation for and on behalf of the respondent company. Even so, this does not prevent him from the benefits of the Workmen's Compensation Act, provided his various and sundry duties are combined and commingled, including both hazardous and nonhazardous."

And cites, as supporting this statement, Wilson & Co., Inc., of Oklahoma v. Musgrave, 180 Okla. 246, 68 P. 2d 846; Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P. 2d 98; New State Ice Co. v. Simmons, 183 Okla. 316, 82 P. 2d 302, and similar cases. In these cases the employee was either actually engaged in manual or mechanical work at the time of the injury or was engaged in an act incident to such manual or mechanical work.

In order to justify a recovery claimant must show that at the time of his injury he was engaged in a branch or department of said business which is defined as hazardous by the Workmen's Compensation Act.

In Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. 2d 405, we said:

"It is admitted that petitioner Southwestern Cotton Oil Company, in so far as the operation of the oil mill is concerned, is engaged in a hazardous employment within the terms of said act. This fact alone, however, is not sufficient to bring claimant within the terms of the act. In the case of Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112, it is said:

" 'The Workmen's Compensation Act recognized the fact that the same employer may conduct different departments of business, some of which fall within the act and some which do not. Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929.

" 'Before a claimant can recover under the Industrial Act he must show that he was engaged, not only in manual or mechanical work or labor, but that such work or labor was of a hazardous nature.'

"See, also, Ferris v. Bonitz, 149 Okla. 129, 299 P. 473; Crawford v. State Industrial Commission, 111 Okla. 265, 239 P. 575; World Publishing Co. v. Deloe, 162 Okla. 28, 18 P. 2d 1070.

"Admitting, without deciding, that claimant was in the employ of respondent, the Southwestern Cotton Oil Company, and further admitting that the Southwestern Cotton Oil Company is primarily engaged in a hazardous business, in order to justify a recovery, claimant must show that at the time of his injury he was engaged in a branch or department of said business which is defined as hazardous by the Workmen's Compensation Act."

The evidence shows that the claimant, as an individual, and a Mr. Warrick owned considerable acreage in Hughes county; that on the date of the accident he (claimant) was going from Dallas to Tulsa for the purpose of negotiating a contract for the drilling of a well on this acreage, either by the Carl B. King Drilling Company or to get some other party to drill the well. This being true, and considering the entire evidence relating thereto, we conclude and hold that the line of employment in which the claimant was engaged at the time of the accident was a separate and distinct employment from drilling oil and gas wells and not incident to, or an integral part of, any business or industry enumerated in and defined as hazardous by the Workmen's Compensation Act.

Having reached this conclusion and the Industrial Commission having determined the cause on jurisdictional grounds, and having found and determined that it was without jurisdiction because the evidence was insufficient to show that the accident occurred while claimant was engaged in a hazardous occupation as defined by the Workmen's Compensation Act, we are of the opinion that the order of the Industrial Commission should be sustained. It is therefore unnecessary to discuss other questions presented.

Order sustained.