E. M. MILDRED AGENCY
v. YATES et al.

No. 32867.    March 2, 1948.

Rehearing Denied March 30, 1948.

*191 P. 2d 581.*

Hall & Cotton, of Oklahoma City, for petitioner.

Leo J. Williams and John Worley, both of Oklahoma City, and Max Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This matter originated with the hearing before the Industrial Commission on the sole issue as to the right of respondent Yates to receive continued payments for temporary total disability.

The record discloses that on the 22nd day of March, 1946, while in the employ of petitioner, respondent sustained serious personal injury as a result of a car accident. He was paid compensation by petitioner up to and including June 15, 1946, when payments were discontinued. Respondent then filed his application before the commission for. the purpose of determining his right to continued payments for temporary total disability.

The commission found in favor of the claimant and awarded him compensation.

Petitioner contends that the evidence is insufficient to sustain the finding of the commission that respondent was engaged in a hazardous employment at the time he sustained his injury, and that the commission was therefore without jurisdiction to award compensation or to retain the case for the purpose of determining the extent, if any, of the permanent disability.

The evidence shows that petitioner is engaged in conducting a sales agen-cy for the sale of scales; that he sells at retail to users only and makes no sales to dealers. The evidence also shows that in connection with his sales agency he maintains a repair shop for the purpose of repairing scales; that he keeps and maintains in the repair shop such machinery and appliances as to constitute a "workshop" within the meaning of the law. 85 O.S. 1941 §2.

Respondent had been an employee of petitioner for some time and was a skilled mechanic. It was insisted, on the one hand, that he was hired primarily as a mechanic in the repair department and that he served as a salesman on occasions or part of the time. On the other hand, it was insisted that he was hired primarily as a salesman and that he worked in the repair shop on occasions or part of the time. It is undisputed that for his monthly wage or salary he performed services in both departments, but we deem it wholly unnecessary to determine for which service he was primarily hired, as the test is not so much what he was hired to do, but rather what he was doing or at what task he was employed when injured. And we deem it immaterial whether he spent more time working in the one or the other of the departments. There is no controversy as to where he was or how he was employed at the time of his injury, as the following facts reveal.

Petitioner several days prior to the accident obtained an order from Kelly's Creamery at Elk City, Okla., for the purchase of a platform scale. The sale was consummated and the scales were delivered to the creamery company at Elk City. A pit was prepared by the creamery company for the purpose of installing the scales. Respondent was directed by petitioner to go to Elk City to supervise the installation of the scales. His duties were to see that the pit had been properly prepared and to level up and balance the scales. It was necessary that he take tools with him to accomplish this purpose. The tools consisted of a wrench, screw driver and weights with which to balance the scales, and a small hand drill which was power driven. Respondent as directed placed the necessary tools in a pickup truck belonging to petitioner and started to drive in the truck to Elk City for the purpose of overseeing the installation of the scales. While on his way he became involved in a car accident resulting in his injury.

Petitioner points out that the respondent at the time he sustained his injury was performing services solely in connection with and incident to the sales branch or part of his employment, not a hazardous employment by statute, and that the commission was therefore without jurisdiction to award compensation.

Respondent contends that the evidence shows that the work necessary to be performed by respondent in installing the scales constituted mechanical work and labor in connection with and incident to the work of the repair shop or workshop. With this contention we do not agree. The repair shop was established and operated to repair used and worn scales, and the work to be performed by respondent in installing, as in the instant case, was not in the repair shop or workshop and was not a part of nor incident to or connected with the work of the repair shop or workshop.

It is well established that the same employer may conduct different branches or departments of business, some of which fall within the Workmen's Compensation Act, and some of which do not. Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. 2d 405; Chatham v. Arrow Drilling Co., 183 Okla. 243, 80 P. 2d 944, and King v. Carl B. King Drilling Co., 194 Okla. 71, 147 P. 2d 463.

While respondent at the time he sustained his injury was engaged in performing manual and mechanical labor, he was not performing such labor in connection with any industry, plant, factory or trade defined as hazardous by the Workmen's Compensation Act. 85 O.S. 1941 §2. He was therefore not entitled to recover compensation. Furrow & Co. v. Miller, 188 Okla. 199, 107 P. 2d 193; City of Hobart v. Wagoner, 191 Okla. 689, 132 P. 2d 926; Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. 2d 701; King v. Carl B. King Drilling Co., supra, and Ferris v. Bonitz, 149 Okla. 129, 299 P. 473.

Findings and order vacated.

BAYLESS, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur. HURST, C.J., DAVISON, V.C.J., and RILEY, J., dissent.

_____

DAVISON, V.C.J. (dissenting). I am unable to agree with the majority opinion. The opinion is far-reaching in effect and I feel that I should express my views in writing.

The majority opinion states that "it was insisted, on one hand, that he (the employee) was hired primarily as a mechanic in the repair department and that he served as a salesman on occasions or part of the time. On the other hand, it was insisted that he was hired primarily as a salesman and that he worked in the repair shop on occasions or part of the time." This statement does not conform to the evidence. The record discloses that respondent was a service mechanic and that he was employed as such in the workshop of

the petitioner; that he was a trained "Toledo Scales mechanic" and carried a card to that effect; that his duties were entirely that of a mechanic except that in the event there was no one in the sales department and a customer came in who wanted to buy something, it was the duty of petitioner to make the sale if possible. The evidence further discloses that in addition to the employer, several other persons worked in the sales department of the business, including two men who were engaged exclusively as salesmen.

The record further discloses that as a part of the employer's business he not only sold and installed scales, but that he bought scales and repaired and reconditioned them in the workshop for resale; also, that many service calls were made and the respondent was required to make many service calls for the employer for the purpose of repairing scales for which the employer made a charge and collected therefor.

The fact that the employer kept and maintained in the service shop such machinery and appliances as to constitute a "workshop" within the meaning of the Workmen's Compensation Law (85 O.S. 1941 §2) is not in dispute. The employer testifies that petitioner "was working in the service department."

The employer had himself previously sold the Toledo scales in question and had directed the respondent to take the company's pickup with the necessary tools and equipment for the installation of same. The installation of such scales required the services of an expert mechanic. The proper installation of such scales was not a part of the duties of a salesman, bookkeeper or saleswoman.

I recognize the rule that the Workmen's Compensation Act recognizes that the same employer may conduct different branches or departments of business, some of which fall within the act, and some of which do not, and I fully realize that for a correct determination of this case, it becomes necessary to determine the department in which respondent was working when injured. If he was working in the sales department he would not be entitled to compensation; if a repairman or serviceman, he would.

In my opinion, the evidence shows, by an overwhelming preponderance, that at the time of the accident and injury respondent was on a mission to perform manual and mechanical labor which was incidental to his work as a mechanic in the workshop. He had with him the tools and appliances necessary for the installation which required mechanical work. He had brought these from the workshop. He was classified as a mechanic. His actual employment was in the department of his employer's business which was hazardous. He was sent from the workshop to perform work that only a trained mechanic could do. This service was incidental to his job as a mechanic and it was imperative for him to perform this service or lose his mechanical job. Respondent was on a mission to do work which was a natural and contractual incident to his employment as a mechanic in the workshop. No doubt it was necessary or at least beneficial for the employer to hire such a trained mechanic to further his business, and to build up good will and to retain customers' friendly interest. Competitive business makes this necessary.

One of the leading cases on the above point is the case of Ferragino v. McCue's Dairy, 128 N.J. 525. In that case the employer operated a retail milk business which business came within the scope of the Workmen's Compensation Act of the State of New Jersey. The employer sent the claimant, who was one of the workers in the dairy, to help in moving a church piano from one spot to another on church property. Claimant was injured while moving the piano. In upholding an award for compensation, the court said:

"Moving a church piano from one spot to another on a church property is not ordinarily per se an incident to the dairy business, but it may become so when done, as here, on the order of the employer for a customer in the effort to build up good will and to retain the customers' friendly interest. Ferragino was under orders from his master, and it is not easy to see how he could have refused to obey except at the risk of losing his job. It appears that Ferragino was obliged to obey to carry out his contract of hire."

The majority opinion is in conflict with a number of decisions of this court. See Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63; Nash Finch Co. v. Harned, 141 Okla. 187, 284 P. 633; Ft. Smith Aircraft Co. v. State Industrial Commission et al., 151 Okla. 67, 1 P. 2d 682; Gooldy et al. v. Lawson et al., 155 Okla. 259, 9 P. 2d 22; and many others.

In the case of Motor Equipment Co. v. Stephens, supra, the respondent, Stephens, was a traveling salesman for an employer who operated a store in Lawton and engaged in selling tools and machinery, and as such salesman was required to visit garages in a radius of about 35 miles of Lawton and on one of his trips he was injured in an automobile collision upon the public highway a number of miles from the place of business in Lawton. This court held that because it had been shown that one of the duties of the employee was to repair and demonstrate machinery, requiring manual and mechanical labor, the injury sustained by him came within the terms of the Workmen's Compensation Act.

In the case of Gooldy et al. v. Lawson, supra, it was held that an accidental personal injury sustained by a person in the course of his employment as a general mechanic, as the result of an injury while unloading new automobiles at a nearby depot for his master's sales department, was compensable under the Workmen's Compensation Act.

Many of our cases state that the rule is well established that an injury is compensable under the Workmen's Compensation Act when it is sustained in performance of an act which is fairly incidental to the prosecution of the master's business, even though such act may not be performed at the building or premises where the major part of the work of the employees is done.

This court has held, by an unbroken line of decisions, that our Workmen's Compensation Act should be liberally construed in favor of its beneficiaries. It is a humane law and founded on sound public policy, and is the result of thoughtful, painstaking and social consideration, and its beneficent provisions should not be limited or curtailed by a narrow construction.

I think that the philosophy of our previous opinions should be followed. I therefore respectfully dissent.

