Robert D. RIDER, Petitioner,

v.

BOB HINER SERVICE STATION, No Insurance, and State Industrial Commission, Respondents.

No. 37740.

Supreme Court of Oklahoma.

Jan. 21, 1958.

Norman & Wheeler, Muskogee, for petitioner.

Kay Wilson, Jr., Muskogee, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

On November 21, 1956, Robert D. Rider, petitioner herein, filed a claim for compensation in which he states that September 20, 1955 (evidence shows December 17, 1955), while in the employ of Bob Hiner Service Station, respondent herein, he sustained an accidental injury consisting of a broken left leg. The injury occurred when he was hit on the leg by a car.

The respondent defended on the theory that petitioner was not engaged in a hazardous employment at the time he sustained his injury, and that he had only one employee in his employ at said time, and that the petitioner's claim is therefore not covered by the Workmen's Compensation Law.

The trial judge at the close of the evidence found:

"That the business of the respondent on December 17th, 1955, does not come within the purview of the Workmen's Compensation Act.

"That on December 17th, 1955, respondent Bob Hiner Service Station had only one employee in its employ."

The trial judge, upon such findings, entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this award and contends that it is not supported by the evidence, and is contrary to law.

It is stipulated that on December 17, 1955, petitioner, while in the employ of Bob Hiner Service Station, sustained an accidental injury; that at that time respondent was engaged in the operation of a retail oil and gas filling station; that respondent carried no compensation insurance for his employees.

Petitioner testified that at the time he sustained his injury he was employed as manager and general serviceman at one of respondent's filling stations in the City of Muskogee, Oklahoma. The injury occurred when a car parked in the driveway of the filling station moved forward, struck him and pinned him against the bumper of a car on which he was then working causing the breaking of his leg; that his duties consisted of servicing cars, changing oil, selling and installing spark plugs, changing and repairing tires and on one occasion he repaired a gas pump.

Mr. Hiner in substance testified: He had under lease and operated the filling station in question at the time petitioner sustained his injury. Petitioner was the only employee he had at that station. He, however, operated several other stations in the City of Muskogee. He had employed in the aggregate, at his various stations, at the time petitioner sustained his injury, four employees. He further testified, as did petitioner, as to the duties petitioner was required to perform, except he testified that petitioner, on one occasion, repaired a gas pump that he was not required so to do; that when the pump got out of repair he usually called a pump man to do the work. He further testified that he maintained and operated no repair shop in connection with his filling stations. This, in substance, constituted the evidence in the case.

Respondent contends that it is insufficient to establish that petitioner, at the time he sustained his injury, was engaged in employment defined as hazardous by the Workmen's Compensation Law; that the operation of a retail oil and gas filling station is not one of the plants, industries or occupations defined as hazardous under the Workmen's Compensation Law. 85 O.S. 1951 § 2. With this contention we agree. We have so held in Southland Refining Co. v. State Industrial Commission, 167 Okl. 3, 27 P.2d 827.

Petitioner, in his brief, refers to 85 O.S. 1951 § 3, subsection 11 defining a workshop. He, however, offered no evidence tending to show that respondent operated such workshop in connection with his filling station. He relies entirely upon the presumption set forth in 85 O.S.1951 § 27 to sustain his claim. This section, so far as here material, provides:

"In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act."

We do not think this presumption prevails under the evidence in this case.

Petitioner in support of his contention relies upon Bishop v. Wilson, 147 Okl. 224, 296 P. 438; Dillon v. Dillman, 133 Okl. 273, 272 P. 373; and other similar cases. In Bishop v. Wilson, supra, the court held:

"Under the Workmen's Compensation Act (paragraph 1 of section 7295, C.O.S.1921), providing that there shall be a presumption that a claim comes within the provisions of the act in the absence of substantial evidence to the contrary, the Industrial Commission must presume that the business conducted by the employer was within the provisions of the act defining hazardous employments in the absence of such substantial evidence."

In that case it appears that the employer, at the time the employee sustained his injury, was engaged in operating a retail oil and gas filling station. He maintained and operated in connection with the filling station a repair shop. Claimant sustained his injury while engaged in placing air in a tire which he had repaired, when the tire blew up and some foreign substance flew into his eye, causing an injury to his eye. There was no evidence offered in that case tending to show that the repair shop was a workshop where machinery was used as defined by the Workmen's Compensation Law. The court referred to the above mentioned presumption and held that the presumption prevailed, that claimant was engaged in an employment defined as hazardous under the Workmen's Compensation Law. In this case, however, the undisputed evidence shows that respondent maintained and operated no repair shop in connection with his filling station, and further shows in detail the work that petitioner was required to do under his employment at the filling station, none of which work is defined as hazardous under the Workmen's Compensation Law. We think this evidence completely refutes the presumption relied upon by respondent. In Dillon v. Dillman, supra, we held:

"Where the claimant before the Industrial Commission seeking compensation for alleged injury alleges that he was employed in a hazardous employment, that of team foreman for a teaming contractor, his employer, and the same is not denied by the employer or insurance carrier in the trial before the Industrial Commission, and the question is raised for the first time before this court that the same was not a hazardous employment and does not come within the provisions of the act, the presumption contained in section 7295, C.O.S.1921, that the claim comes within the provisions of the act, will prevail."

Neither this case nor the Bishop v. Wilson case, supra, nor any of the other cases cited by petitioner are controlling here because of a difference in the facts.

In Klein v. State Industrial Commission, 181 Okl. 395, 74 P.2d 386, 387, this court held:

"The presumptions arising by virtue of section 13361 O.S.1931 [85 Okl.St. Ann. § 27], have no application when testimony of claimant before the State Industrial Commission discloses that his employment was not in any of the businesses, trades, or occupations included in and covered by the Workmen's Compensation Act. Enid Cemetery Ass'n v. Grace, 177 Okl. 320, 59 P.2d 284."

In Oklahoma Tire and Supply Co. v. Summerlin, Okl., 290 P.2d 403, we held:

"The presumption created in favor of employees by the provisions of 85 O.S.1951 § 27, is overcome when the record discloses by substantial evidence that the employee is not engaged in hazardous employment."

In Mobley v. Brown, 151 Okl. 167, 2 P.2d 1034, 1035, 83 A.L.R. 1014, this court said:

"The burden of proof showing jurisdiction of the State Industrial Commission is upon the claimant, and in order to sustain such burden it is incumbent upon the claimant to establish that the employment in which he is engaged is one of those provided for in the act. When such employment is established, then under the provisions of section 7295 C.O.S.1921, it may be presumed, in the absence of substantial evidence to the contrary, that the employer is carrying on a business that comes within the provisions of the act. But such a presumption is not indulged, and cannot be indulged, until the jurisdictional fact is established that the employment out of which the injury grew was one of those classes to which the act applies."

Petitioner in his brief asserts that the pumps at the filling station at which he was working at the time he sustained his injury were operated by electrically driven machinery. There is no evidence to this effect. We, however, assume that the pumps were so operated but the mere fact that they were so operated does not render the filling station a workshop within the meaning of the Workmen's Compensation Law. Southland Refining Co. v. State Industrial Commission, supra.

The view taken renders it unnecessary to pass upon the other questions raised and discussed by petitioner. We conclude that the State Industrial Commission ruled correctly in denying compensation.

Order sustained.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., dissents.