Ray Allen WOODS, d/b/a Woods Service Center, Petitioner,

v.

Bob PERRYMAN and the State Industrial Court of the State of Oklahoma, Respondents.

No. 43042.

Supreme Court of Oklahoma.

March 25, 1969.

Montgomery & Curtis, Fairview, for petitioner.

Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

JACKSON, Justice.

Parties will be referred to here as they appeared in the trial court or as claimant and employer. The State Industrial Court entered an award allowing the claimant, Bob Perryman, 7 per cent permanent disability to the back and temporary compensation, resulting from injuries sustained while working as an automobile service station employee for the respondent, Ray Allen Woods, d/b/a Woods Service Center. The award was based upon a finding that a "repair shop" was operated in connection with the service station.

The sole contention of the employer is that at the time of the accident claimant was working as an employee of a retail gasoline service station which is not a hazardous occupation within the purview of the Workmen's Compensation Act, 85 O.S. 1961, § 2.

The employer carried no workmen's compensation insurance covering his employees and therefore the theory of estoppel provided for in 85 O.S.1961, § 65.2 is not involved.

The accident occurred on July 6, 1967. On that date employer owned and operated a service station for the sale of Sunray DX petroleum products at Fairview, Oklahoma. In addition to selling petroleum products employer also sold automobile tires and other accessories. He operated a front end alignment machine for the purpose of aligning wheels for customers who bought tires but sometimes would align wheels for a customer when he did not sell the tires.

As a part of his equipment the station had a lift, an air driven hoist; a tire machine for changing tires; a tire balancer; the front end alignment machine; and a small brake lathe sometimes used for smoothing when new brake shoes were installed. Small tune-up jobs were sometimes done in the station such as installing new spark plugs or points. Tail pipes and mufflers were installed. No major overhauling jobs were done.

Approximately 97.05 per cent of the revenue derived by the station was secured from the sale of petroleum products, tires and accessories. Only 2.95 per cent was secured from making of repairs on motor vehicles.

Employer testified that the claimant was employed as a service station attendant particularly because of his knowledge of the lubrication systems of automobiles. He was not employed as a mechanic and was not qualified to do mechanical work on automobiles.

Claimant testified that the accident occurred when he and other workmen were unloading oil drums from a truck. One of the drums rolled off the truck sideways. He reached out to keep the drum from hitting him and "hurt my back".

We have held in several cases that the employment of employees in a service station is considered nonhazardous and not within the scope of the Oklahoma Workmen's Compensation Act, 85 O.S.1961, § 2. Cross v. Brown, Okl., 363 P.2d 935; Skelly Oil Company v. Waters, Okl., 348 P.2d 320; Rider v. Bob Hiner Service Station, Okl., 321 P.2d 378.

At the time he was injured claimant was not working as a mechanic or engaged in the operation of machinery. He

was working as a service station employee assisting in unloading of barrels of oil to be sold in the station. We have held in several cases that an employer may conduct several departments of his business some coming within the purview of the Workmen's Compensation Act and others not within the Act.

An injured employee is not entitled to recover compensation, if injured while performing tasks not within the scope of his employment at work coming within the Act although he may on other occasions perform services for his employer coming within the provisions of the Act. Mid-Continent Petroleum Corporation v. Harris, Okl., 289 P.2d 147; E. M. Mildred Agency v. Yates, 200 Okl. 168, 191 P.2d 581; King v. Carl B. King Drilling Co., 194 Okl. 71, 147 P.2d 463.

Claimant in support of his position cites the sole case of Spraker v. Carroll, Okl., 416 P.2d 946, wherein we held that an employee burned in a fire which occurred while he was siphoning gasoline from a car to be used for the purpose of cleaning another car in a used car lot was working at work "more hazardous than the work usually performed in filling stations, and that his place of employment was a workshop within the meaning of the Workmen's Compensation Law." The decision is not in point and does not modify but affirms prior decisions of this court in Cross, v. Brown, supra; Skelly Oil Company v. Waters, supra; and Rider v. Bob Hiner Service Station, supra, holding that "employees in filling stations are not covered by the Workmen's Compensation Law."

We are unable to conclude that the evidence in this case supports a finding that the employer was operating a "repair shop" within the meaning of the Workmen's Compensation Act.

Award vacated.

IRWIN, C. J., and DAVISON, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.