**BOARD OF EDUCATION, INDEPENDENT SCHOOL DISTRICT NO. I, TULSA, Oklahoma, Own Risk, Petitioner,**

v.

**Edwin Edgar WRIGHT and the State Industrial Court, Respondents.**

**No. 43484.**

Supreme Court of Oklahoma.

Oct. 21, 1969.

Gene L. Mortensen, Rosenstein, Livingston, Fist & Ringold, E. D. Hieronymus, Rhodes, Hieronymus, Holloway & Wilson, Tulsa, for petitioner.

Mildred Brooks Fitch, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is an original proceeding to review an order of the State Industrial Court en banc, affirming an award of the trial judge, allowing respondent, Edwin E. Wright, claimant below, total and permanent disability benefits for an alleged hernia injury.

The parties will be referred to as they appeared before the State Industrial Court. Respondent, there, is an Independent School District of Tulsa County. Claimant asserted in his Form 3 that, at the time of sustaining disability, he was employed as a custodian in one of the schools in said District.

Respondent contends that, at the time of his alleged injury, claimant was not working for it in a "hazardous employment", as defined in the Oklahoma Workmen's Compensation Act.

Tit. 85 O.S. 1967 Supp. § 2, provides:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to-wit: * * * school district employees engaged in hazardous employment. * * *"

Tit. 85 O.S. 1961, § 3, defines "hazardous employment" as follows:

"(1) 'Hazardous employment' shall mean manual or mechanical work or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in Section 13349 (now § 2 above) * * *".

At the time of the alleged injury, claimant was lifting garbage cans in the school cafeteria. The garbage cans had been filled with refuse, or excess food, scraped by dining students from their plates. Claimant was also required to sweep and clean refuse from the floor of the cafeteria.

The operation of a restaurant, cafe, or eating establishment is not a hazardous business within the provisions of the Oklahoma Workmen's Compensation Act. Employees working at such business are not engaged in a "hazardous employment" as defined by the Act. Parlor v. John Mongold Drive-In Cafe, 204 Okl. 458, 230 P.2d 887; Rolen v. Callicutt et al., 204 Okl. 250, 228 P.2d 1010; Plaza Grill v. Webster, 182 Okl. 533, 78 P.2d 818; Melton v. United States Fidelity and Guaranty Co. (C.C.A. 10), 220 F.2d 555.

Before commencing work as a custodian, claimant was required to have a license as a third class operating engineer. Dan Rowe, claimant's supervisor, explained that such license was necessary for the operation of low pressure boilers; that turning on the boilers was a simple thing, "just flip a switch". And claimant maintains that his employment as custodian required him, on frequent occasions, to do work of a hazardous nature, particularly, the operation of boilers.

**424**

In Central Surety & Insurance Corp. v. State Industrial Commission, 180 Okl. 383, 69 P.2d 1036, claimant was employed by a hotel as a maintenance man. His duties required him to operate its heating and refrigeration systems, and, on some occasions, to do manual and mechanical work using power driven machinery. He was injured in a fall from a ladder while painting a telephone booth room in the hotel. We vacated an award in his favor, holding that the various tasks he was required to do, did not bring him within the terms of any hazardous employment included in, and governed by, the provisions of the Workmen's Compensation Act. Similar cases to the same effect are: Furrow & Co. v. Miller, 188 Okl. 199, 107 P.2d 193, and Rose Hill Burial Park v. Garrison, 176 Okl. 355, 55 P.2d 1045.

■ The work claimant was doing at the time of his alleged injury was not hazardous, and he is not entitled to recover compensation for such injuries, although on other occasions he may have been required to perform services for respondent that were within the provisions of the Workmen's Compensation Act. See Woods v. Perryman, Okl., 452 P.2d 588.

■ Claimant suggests that the Industrial Court en banc was without jurisdiction to consider respondent's appeal to that Court, and that we are, accordingly, without jurisdiction to consider respondent's petition for review in this Court, because his attorney did not receive a copy of respondent's written notice of appeal and specifications of errors within 10 days from the entry and mailing of the award. As claimant cites no authority to the effect that his attorney's receipt of such a copy —as distinguished from the filing of the original with the Secretary of the Industrial Court—within that 10-day period, is required either by 85 O.S. 1961, § 77(9), or the Industrial Court's Rule 14, and the record, including the showing of his representation by counsel before the Industrial Court en banc, reflects no prejudice to him by said counsel's receipt of the copy a few

days after the 10-day period, we do not consider claimant's suggestion a serious, or effective, challenge to our jurisdiction herein.

Award vacated.

All the Justices concur.