Gus RHOTON, Petitioner,

v.

CITY OF NORMAN, Oklahoma, Own Risk, and State Industrial Court, Respondents.

No. 43488.

Supreme Court of Oklahoma.

March 17, 1970.

J. Clark Russell, Oklahoma City, for petitioner.

Fielding D. Haas, Norman, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding to review an order of the State Industrial Court sitting en banc affirming a decision of the trial judge denying petitioner, Gus Rhoton, claimant below, workmen's compensation benefits under the provisions of the Oklahoma Workmen's Compensation Act. Parties will be referred to as they appeared before the State Industrial Court.

In denying the claim of the claimant the State Industrial Court held:

"That Claimant was employed by Respondent, City of Norman, Oklahoma, on March 15, 1967, in Respondent's park and recreation department.

"That Claimant was not engaged in a 'hazardous employment' on March 15, 1967, as defined by the Workmen's Compensation Law of the State of Oklahoma; therefore, this Court has no jurisdiction to adjudicate said claim."

Claimant's sole contention on review is that such order is not sustained by the law and is not supported by the evidence.

Claimant commenced working as a supervisor in the Park Department of the City of Norman, Oklahoma, during the month of October, 1962. On March 15, 1967, the date of the alleged accident, he was working for the park department as maintenance supervisor of recreation at Building 92, a part of the park system of

the City of Norman. He also supervised another building connected with the park system used for public meetings.

Building 92 was originally a recreation building for the Naval Base while it was maintained in the City of Norman. Among recreational facilities in the building at the time of the alleged accident were basketball courts, handball courts, a steam room, a weight room and a locker for men.

The building and its facilities were open to the general public for recreational purposes upon the payment of a small fee.

The equipment included a standard washing machine and dryer. Claimant washed towels and sweat shirts in this equipment. A fee of ten cents was charged for the use of each towel.

Two heaters or boilers and a large water tank were used for creating steam in the steam room. Claimant testified that on some occasions he cleaned the heaters and lighted the gas flame under them; that he supervised the overall building.

Claimant on March 15, 1967, was moving a 250 pound weight from the basketball court. The weight was used to hold up the volleyball nets when the courts were used for playing volleyball. He testified that while he was picking up the weight to roll it off the court "something popped in his back." The occurrence of the accident is not a contested issue.

We have held that the operation of a public park by a municipality is not listed as a hazardous employment within the purview of 85 O.S.1961, § 2, as amended by 85 O.S.Supp. 1967, § 2, and an injured park employee to compensation must establish facts sufficient to bring his injury within the definition of "hazardous employment" as defined by 85 O.S.1961, § 3, as amended by 85 O.S.Supp. 1967, § 3. Cooper v. Oklahoma City, Okl., 361 P.2d 483; City of Tulsa v. State Industrial Commission, 189 Okl. 73, 113 P.2d 987.

We have held that an employee of a school district, who allegedly sustained a hernia while lifting garbage cans while working in the school cafeteria, was not engaged in "hazardous employment" as listed and defined by 85 O.S.1961, § 2 and § 3, as amended by 85 O.S.Supp. 1967, § 2 and § 3, and therefore was not entitled to Workmen's Compensation benefits for such injury although in his employment as custodian of the school building he, on other occasions, was required to operate low pressure boilers and may have been on some occasions required to perform services coming within the provisions of the Oklahoma Workmen's Compensation Act. Board of Education, Independent School District No. 1, Tulsa, Okla. v. Wright, Okl., 460 P.2d 422.

■ Claimant contends that the charging of fees for using the steam room in a part of the building and fees for the use of towels in the steam room caused the operation of the building by the respondent to be a proprietary function of the city and distinguished from a governmental function. The contention made by the claimant is not involved here. Proof of the work being proprietary in nature standing alone does entitle the claimant to recover compensation benefits. He must establish that the work he was doing at the time of the alleged accident was "hazardous" as defined by 85 O.S.1961, § 3. At the time of the alleged accident claimant was not doing any work in connection with the washers or the boilers. He was moving a weight on the floor of the basketball court. Such work was not "hazardous." Board of Education, Independent School Dist. 1, Tulsa, Okl. v. Wright, supra.

The test is not what claimant was required to do on other occasions but what he was doing at the time of the alleged accident. Board of Education, Independent School Dist. No. 1, Tulsa, Okla. v. Wright, supra; Woods v. Perryman, Okl., 452 P.2d 588; Mid-Continent Petroleum Corp. v. Harris, Okl., 289 P.2d 147; King v. Carl B. King Drilling Co., 194 Okl. 71, 147 P.2d 463.

■ In cases involving the question of whether or not the injured employee, at

the time of his alleged injury, was engaged in a hazardous employment as defined by the Workmen's Compensation Act, we are not bound by the findings of the State Industrial Court, but are authorized to weigh and review the evidence in determining if the employment was hazardous. Cooper v. Oklahoma City, supra; Burger v. Lickliter, Okl., 319 P.2d 594; McClung v. Colclasure, 197 Okl. 445, 172 P.2d 623.

We have reviewed the evidence. The findings of the State Industrial Court that claimant "was not engaged in a 'hazardous employment' on March 15, 1967, as defined by the Workmen's Compensation Law of the State of Oklahoma," at the time of his alleged injury is sustained by reasonable, competent, undisputed evidence, and is in accord with rules of law established by this court in prior decisions.

Order sustained.

All Justices concur.