**OKLAHOMA CITY, Petitioner,**

v.

**Anastacio M. ACOSTA, Jr., and State Industrial Court, Respondents.**

**No. 44912.**

Supreme Court of Oklahoma.

Sept. 11, 1971.

Roy H. Semtner, Municipal Counselor, F. W. Dunlevy, Jr., Asst. Municipal Counselor, Oklahoma City, for petitioner.

Tom Sullivan, Miskovsky, Sullivan & Miskovsky, Oklahoma City, for respondent.

BLACKBIRD, Justice:

Petitioner, City of Oklahoma City, respondent below, seeks review of an award of the State Industrial Court allowing the respondent, Anastacio M. Acosta, Jr., claimant below, twenty per cent permanent partial disability to the body as a whole for injuries sustained while employed and working as a laborer for Oklahoma City. The parties will be referred to as they appeared before the State Industrial Court, hereinafter referred to as the "trial court".

On April 26, 1970, claimant was employed by respondent city at its Fairgrounds Arena as a laborer. He was assisting in the unloading of chairs off a truck. The chairs were to be placed in the Arena for the holding of the graduation exercises of U. S. Grant High School on May 28, 1970. In unloading the chairs, claimant fell from the truck and sustained injuries. The extent of the injuries sustained and the amount of the award are not involved in this appeal.

Respondent contends that claimant was not working at "hazardous employment" as defined by 85 O.S.1961, § 3, at the time of the accident and therefore is not entitled to recover Workmen's Compensation benefits.

85 O.S.1961, § 2, as amended by 85 O.S. Supp.1967, § 2, provides:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: Factories, cotton gins, mills and work shops where machinery is used; * * * *theaters where picture machines or mechanically*

*operated stage apparatus or fixtures are in use; * * * members of a police department, members of garbage and sanitation departments and fire departments of any incorporated city or town, and all other persons engaged in hazardous employment for any incorporated city or town.*" (Emphasis added.)

85 O.S.1961, § 3, as amended by 85 O.S. Supp.1967, § 3, defines "hazardous employment" as follows:

"Hazardous employment shall mean manual or mechanical work or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in Section 13349 * * *." (Section 13349 is now 85 O.S.1961, § 2.)

The "Fairgrounds Arena" is an all purpose building operated by Oklahoma City. Rodeos, athletic contests, ice hockey, dramatic and musical shows, and large general meetings use it.

Preparation for the staging of any particular event frequently requires the shifting of chairs and floors, and the installation of special props and equipment for the presentation of the event involved.

Claimant's duties, as a laborer, required him to sweep the Arena, and assist in moving chairs and other equipment both before and after a production was presented. Mechanical fork-lifts are sometimes used in lifting articles. Electric propelled sweepers and polishers are sometimes used in doing the sweeping.

Sometime prior to the date of the accident involved, the Arena was used for a Disneyland production and the presentation of a circus. For each of these events mechanically operated stage apparatus or fixtures were used. In the Disneyland show, movies were shown on a large screen by using a machine similar to a moving picture machine. Claimant testified that at the time he fell from the truck while unloading chairs, no machinery was being used, he was not using any type of machines, and that he never operated the "fork-lift" or a tractor.

The manager of the Arena testified that, to his knowledge, claimant never operated any machinery.

Counsel for claimant argue that the Fairgrounds Arena is a "theater". The evidence established that of the gatherings held in the Arena, some were theatrical in nature, some athletic, and some just general meetings of various types. As hereinbefore mentioned, the gathering scheduled at the time of claimant's injury was for a high school graduation ceremony.

■ It is doubtful if any of the tasks performed by the claimant during his general employment as a laborer were "hazardous" as defined by the Oklahoma Workmen's Compensation Act. In any event, the test is not what he was required to do on other occasions, but what he was doing at the time of the alleged accident. Rhoton v. City of Norman, Okl., 466 P.2d 948; Board of Ed. Ind. Sch. Dist. No. 1, Tulsa, v. Wright, Okl., 460 P.2d 422; Woods v. Perryman, Okl., 452 P.2d 588.

The operation of an arena for use as an assembly building for holding various attractions by a municipality is not listed as a "hazardous employment" in 85 O.S.1961, § 2, as amended by 85 O.S.Supp.1967, § 2.

■ The burden was upon claimant to establish sufficient facts to bring his injury within the definition of "hazardous employment" as defined in that section. Rhoton v. City of Norman, supra; Cooper v. Oklahoma City, Okl., 361 P.2d 483.

In City of Tulsa v. State Industrial Commission, 189 Okl. 73, 113 P.2d 987, we held that a laborer employed by a municipality in the park department was not engaged in a "hazardous employment" within the purview of 85 O.S.1961, §§ 2 and 3, and was not entitled to recover compensation benefits for injuries sustained while loading concrete on a truck.

In Drumright Feed Co. v. Hunt, 90 Okl. 277, 217 P. 491, we held that an employee of a retail feed store injured in falling off of a vehicle while engaged in loading and hauling sacked grain was not working at a

"hazardous employment" as defined by the Oklahoma Workmen's Compensation Act.

In Rhoton v. City of Norman, supra, we held that an employee of the park department of a municipality injured while lifting a heavy weight from a basketball court in a recreational building was not working at a "hazardous employment" as defined by 85 O.S.1961, § 2 and § 3, amended by 85 O.S.Supp.1967, § 2 and § 3.

In Board of Ed. Ind. Sch. Dist. No. 1, Tulsa, v. Wright, supra, we held that an employee injured while lifting garbage cans while working in the school cafeteria was not engaged in "hazardous employment" as defined by the Act.

We have reviewed the entire record, studied the legal questions involved, and have concluded that the trial court erred in holding that claimant was working at a "hazardous employment" within the purview of 85 O.S.1961, § 2 and § 3, as amended by 85 O.S.Supp., 1967, § 2 and § 3.

The award and order is hereby vacated, and the State Industrial Court is directed to dismiss the claim.

All the Justices concur.