**TULSA LINEN SERVICE COMPANY, a corporation (own risk), Petitioner,**

**v.**

**Jackie Lynn KROTH and the State Industrial Court, Respondents.**

**No. 45665.**

Supreme Court of Oklahoma.

March 6, 1973.

Rehearing Denied July 3, 1973.

Gene L. Mortensen, Rosenstein, Livingston, Fist & Ringold, Tulsa, for petitioner.

Lee E. Witcher, Oklahoma City, for respondent.

IRWIN, Justice:

Petitioner seeks review of an en banc order, affirming a trial judge's order, awarding temporary total compensation and medical expenses for an accidental injury received by claimant (respondent) in the course of his employment. Three issues are urged as grounds for vacating this order: (1) claimant was not engaged in hazardous employment within purview of the Workmen's Compensation Act (85 O.S. 1971 § 1 et seq.); (2) alleged injury was not sustained while in petitioner's employment; and (3) award entered requires payment of unauthorized medical expenses.

Claimant, a 19 year old single man, had been employed intermittently between high-school and induction into the Air Force. During employment with a local food market claimant suffered a back strain and was treated by a local doctor. After a brief period of military service, during which he received treatment, claimant was discharged because of medical problems with his back. Claimant was employed by petitioner as a route deliveryman in April, 1971. His duties involved driving a company owned vehicle to various business establishments in order to deliver clean linen and pick up soiled linen. Bundles of soiled linen, weighing from 2 to 100 pounds, had to be placed on a carrier and wheeled outside for loading into the truck. The bundles had to be lifted from the truck onto hangers for conveyance into the building upon return to the laundry.

On April 13, 1971, claimant, accompanied by a supervisor, was at a local cafeteria loading bags of soiled linen on a carrier. Claimant was struck by low back pain running down into his legs while bending down to lift a bundle. He collapsed on the spot and was taken to the hospital by ambulance, called to the scene by the supervisor. Claimant was examined in the emergency room by Dr. F, whose report stated in substance: Claimant, who suffered prior back problems while in the service, had suffered muscle spasm in back, but had no specific neurological findings; his remaining physical examination appears to be negative; and his x-rays within normal limits without definite pathology identified. He stated claimant was admitted to hospital with diagnosis of acute lumbo-sacral strain and treated with traction, therapy and muscle relaxants for five to seven days hospitalization; temporary total disability ten to fourteen days with anticipated full recovery and no permanent disability.

On April 16th the doctor reported spinal tap and myelogram proved negative and normal, and upon recovery from this procedure claimant would be discharged from hospital and advised to return to work. On April 27th the doctor reported claim-

ant's release without need for further medical treatment or further temporary total disability indicated; and claimant had no permanent disability and was capable of performing ordinary manual labor. The doctor's testimony before the trial judge was supportive of matters disclosed in the summarized medical reports, although acknowledging a disc condition had been remedied by later surgery.

Claimant returned home upon discharge from the hospital, but because of pain went to the family doctor three days later and was referred to Dr. C. This doctor hospitalized claimant from May 17th to June 2nd, and diagnosed his condition as muscle spasm, but further advised existence of a probable disc condition. After suffering another acute episode claimant was hospitalized June 5th, and successful disc surgery was performed on June 9th. The night before surgery claimant's mother telephoned petitioner's representative, and at that time was informed petitioner would not authorize medical expenses, and that claimant should see Dr. F about any problems.

Dr. C testified that neither the x-rays nor myelograms disclosed claimant's herniated disc, but the existence of this condition was established from symptomotology, clinical and physical findings, discovery of elevated protein level in his spinal fluid, and consultation with a neurosurgeon. As result of diagnosis a laminectomy was performed. Dr. C testified claimant's condition resulted from an accidental injury sustained April 13th in the course of employment. He stated claimant was acutely ill and suffering pain on May 3rd, and wholly unable to perform manual labor; and his condition reflected an urgent situation on that date, but his re-admission to the hospital on June 5th was an emergency situation. His report of July 17, 1971, stated claimant would be disabled approximately 3 months.

Under the first contention petitioner attacks that part of the order determining claimant was engaged in manual labor connected with, incident to, and an integral part of petitioner's business. Admittedly laundries operated by power are included within hazardous employments enumerated in 85 O.S. 1971, § 2. However, petitioner insists this applies only to those employments which are involved with use of power driven machinery in a laundry. Thus, since claimant's duties were unconnected with "laundries operated by power", petitioner argues that claimant's injuries did not occur in the course of hazardous employment.

As authority for this conclusion petitioner relies upon the so-called departmental rule, expressed in Mid-Continent Petroleum Corp. v. Harris, Okl., 289 P.2d 147, that an employer may conduct different departments within his operation, some of which are hazardous and within the Act, while others are not. Also cited is Board of Education, Ind. School District No. 1, Tulsa County, v. Wright, Okl., 460 P.2d 422, holding a school district employee engaged in hazardous employment is not covered for injury sustained in performing non-hazardous work. Finally petitioner urges application of the test, stated in Oklahoma City v. Acosta, Okl., 488 P.2d 1258, to-wit: whether employee was engaged in hazardous employment at the time of injury is not what an employee was required to do on other occasions, but what he was doing when alleged accidental injury occurred. From this position petitioner concludes claimant was engaged only in picking up soiled linens when injury occurred, which was not hazardous employment within the Act.

We are of the opinion neither authorities cited nor the conclusions asserted are controlling. As early as Petroleum Chemical Corp. v. State Industrial Court, 154 Okl. 67, 6 P.2d 775, this Court declared the controlling factor concerned the duties and occupation at the time of injury.

In Wilson & Co., Inc. v. Musgrave, 180 Okl. 246, 68 P.2d 846, the departmental rule was acknowledged, but limited by declaration that if employment is for a single purpose, mere existence of different departments performing different functions,

some of which by location or nature are not dangerous, does not make them any less an integral part of the whole. Performance of a duty incident to and connected with an employer's principal business, being merely a link in the process, the fact of performance in a room where no machinery is located does not alter the type of employment in which the workman is engaged.

Foundation for the rule simply is that to deprive an employee, engaged in hazardous employment within the Act, of protection because at the moment of injury he may be performing duty of a simple nature at a place where there is no machinery involved would destroy and render nugatory beneficient provisions of the Act. In Musgrave, supra, syll. 2, provides:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of, a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act, notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous."

■ This rule was restated in Pemberton Bakery v. State Industrial Court, 180 Okl. 446, 70 P.2d 98, and since has been applied consistently. Baldwin-Hill Co. v. Lochner, Okl., 359 P.2d 228; In Re Greenwood, Okl., 321 P.2d 704. Petitioner's business is an enumerated hazardous employment under the Act. Claimant's duties were both incident to and an integral part of that business. The trial court correctly determined claimant was injured in a covered employment.

■ Petitioner next contends the evidence supports the logical conclusion claimant's disability did not occur as a result of alleged injury sustained while in its employment, and thus the evidence does not support the award. Cause and extent of injury and disability are questions of fact for State Industrial Court's determination, and when findings are reasonably supported by any competent evidence an award based on such findings will not be disturbed on review. Thomas Block Co. v. Pennokee, Okl., 477 P.2d 675.

■ The final argument asserts this order required petitioner to pay unauthorized medical expenses. Under § 14 of the Act, supra, an employee is authorized to secure emergency medical treatment at an employer's expense where treatment is not provided. Uncontradicted medical evidence established claimant's re-admission to the hospital for ensuing surgery was an emergency. Claimant properly could obtain medical treatment at petitioner's expense without first requesting treatment. Wilkerson Chevrolet Co. v. Mackey, Okl., 396 P.2d 664.

■ In this connection, however, we note failure of the order to determine reasonableness of charges, or charge petitioner specific amounts for medical treatment. That portion of the order awarding reasonable and necessary medical expenses is vacated, with right reserved for claimant to present claim therefor at a future hearing. Quality Materials Co. v. Payne, Okl., 405 P.2d 51.

Order sustained as modified.

DAVISON, C. J., WILLIAMS, V. C. J., and LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.